SOUTHPORT MILL, Limited, v. COMMISSIONER OF INTERNAL REVENUE.
No. 5564.

Circuit Court of Appeals, Fifth Circuit.
March 15, 1930.

E. Barrett Prettyman, of Washington, D. C. (Frederick R. Gibbs, Karl D. Loos, and Preston B. Kavanagh, all of Washington, D. C., on the brief), for petitioner.

C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Donald V. Hunter, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and J. Louis Monarch, Sewall Key, and Randolph C. Shaw, Sp. Assts. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., and F. M. Thompson, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

BRYAN, Circuit Judge.

On a former petition for review in this case, we affirmed a decision of the United States Board of Tax Appeals which excluded from invested capital of petitioner two amounts, one for $100,000 and one for $197,500, and classified those amounts as borrowed capital. The Revenue Act of 1918, in force during the period involved, by section 326, includes as invested capital paid-in surplus, but excludes borrowed capital. 40 Stat. 1092. Petitioner agreed to pay to the stockholders who advanced the sums above mentioned 6 per cent. per annum, which, though designated as dividends, we also held was interest. The borrowed capital was finally paid by petitioner to the stockholders who were entitled to it, but without interest. (C. C. A.) 26 F. (2d) 17. Petitioner's president testified that he was uncertain whether the interest or so-called dividends had been waived.

As appears from our former opinion, petitioner was then contending that at least it was entitled to a deduction for interest from income, but the question of allowance for interest was not then an issue, and, besides, as just stated, it did not appear definitely whether or not interest had been waived. The decision was therefore affirmed, but without prejudice to the petitioner to make application for an allowance on account of interest on borrowed capital. On the going down of the mandate, the Board of Tax Appeals al-lowed the petition to be amended so as to claim interest, but refused to admit any evidence in support of it.

The affirmance of the Board's decision without prejudice to the petitioner's right to apply for interest was for the purpose of enabling petitioner to show if it could that it was entitled to interest. The mere privilege to file an amended petition without more would have been a futile thing. The affirmance without prejudice operated to leave the amended petition unembarrassed by what had gone before, and at the same time to preserve to the government the right to make any defense it had. Taylor v. Slater, 21 R. I. 104, 41 A. 1001. The record is not in such shape as that we could finally determine whether there should be an allowance for interest.

The petition for review is granted, and the cause is remanded, with directions to the Board of Tax Appeals to pass upon petitioner's amended petition upon its merits.