MARIA LOUISE TAYLOR *vs.* JOHN W. SLATER *et al.*

PROVIDENCE—DECEMBER 23, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Foreign Statutes.*

Courts do not take judicial cognizance of the statutes of other States, and hence, to raise a question of law before trial, they must be set up by pleading.

(2)  *Statutes of Limitation.*

Strictly, statutes of limitation are applicable to courts of law ; but, as a rule, equity follows the law in this respect, for the reason that one should not be allowed to enforce a claim in equity which, upon grounds of public policy, could not be enforced at law.

(3)  *Laches.   Pleading and Practice in Equity.*

Equity does not favor stale claims, and will not assist one who has slept upon his rights, and shown no excuse for his laches in asserting them.
This defence may be taken on demurrer, where it appears in the bill, or by plea or answer ; it may also be set up in argument, and even on suggestion of the court.

(4)  *" Without Prejudice."*

The dismissal of a bill "without prejudice" gives to a complainant the right to state a new and proper case, if he can, but takes away no right of defence to such suit on any ground other than that of the judgment as a bar.
The recital of such a provision in a decree is no excuse for laches, when this objection would have applied to the suit in which the decree was entered.

Bill in Equity to enforce against the estates of deceased partners the payment of a demand promissory note given by the partnership just before it ceased to do business and nearly twenty-five years before the commencement of the present suit. Heard on demurrer to the bill setting up the statute of limitations and laches.

Stiness, J. The complainant, a married woman, brings this bill to enforce the payment of a promissory note, on demand, against the representatives of the estate of Earl' P. Mason and William S. Slater, deceased, and legatees and heirs of said Mason and Slater. The note, for the sum of twenty-five thousand dollars, was given to her August 3, 1872, for money advanced out of her estate to the firm of Taylor & Wright, of Chicago, the firm consisting of Frank C. Taylor, her husband, and John W. Wright, both of Chicago, and also of said Mason and Slater of this State. Soon after the date of the note the firm ceased to do business, and said Taylor and Wright were then and since have been insolvent.

Earl P. Mason died intestate, September 21, 1876, and William S. Slater died testate, May 22, 1882.

The complainant commenced an action against the surviving partners October 7, 1892, in Illinois, and recovered judgment, on which execution was returned *nulla bona.*

This bill was filed April 26, 1897, to which the respondents demur.

(1)    We cannot consider the first two grounds of demurrer, that the note was void in Illinois prior to 1874, and that the separate estate of a married woman must be derived from persons other than her husband, for the reason that courts do not take judicial cognizance of the statutes of other States, and hence, to raise a question of law before trial they must be set up by pleading. *O'Reilly* v. *N. Y. & N. E. R. R. Co.*, 16 R. I. 388.

The third ground of demurrer is based upon the statute of limitations and laches.

(2)    In a former suit upon this note, which is referred to in the bill, this complainant alleged that the note was negotiated at

the Fourth National Bank of Chicago, and that her trustee purchased said note two days afterwards ; and that January 1, 1876, the firm gave another note to her for interest then due.    Upon these allegations we held that the note for $25,-000 was barred, because the statute having begun to run, while the note was in the hands of the bank, it continued to run after it came to her possession ; the alleged new promise operating only to suspend the bar, and not to create a new cause of action.    We also held that the second note was not barred, because it was given to the complainant while under the disability of coverture.    *Taylor* v. *Slater*, 16 R. I. 86. According to that decision the statute of limitations does not apply to this bill, because the complainant now avers that the note was delivered directly to herself, a married woman. Strictly, statutes of limitations are applicable only to courts of law ; but, as a rule, equity follows the law in this respect, for the reason that one should not be allowed to enforce a claim in equity which, upon grounds of public policy, could not be enforced at law.    This doctrine, in equity generalized as *laches*, is of a broader scope than a statute.    As Story says :    "There are cases in which the statutes would be a bar at law, but in which equity would, notwithstanding, grant relief ; and, on the other hand, there are cases where the statutes would not be a bar at law, but where equity, notwithstanding, would refuse relief."    1 Story's Eq. Jur. § 64 a.

(3)     Equity does not favor stale claims, and will not assist one who has slept upon his rights, and shows no excuse for his laches, in asserting them.    *Lane* v. *Locke*, 150 U. S. 193–201.

The defence may be taken on demurrer, where it appears in the bill, or by plea or answer.    *Warren* v. *Prov. Tool Co.*, 19 R. I. 360 ; *Cammack* v. *Carpenter*, 3 App. D. C. 219 ; *Kerfoot* v. *Billings*, 160 Ill. 563.

The defence may also be set up in argument ; *Woodmanse* v. *Williams*, 37 U. S. App. 109 ; and even on suggestion of the court.    *Chase* v. *Chase*, 19 R. I. 523.

The rule as stated in the latter case, reported in 20 R. I.

202, is that the delay must be such as works a disadvantage to another. Applying that rule to the present case, we find that the bill sets out a note about twenty-five years old ; that after the death of Mr. Mason, in 1876, and after the death of Mr. Slater, in 1882, no suit was brought upon the note against the copartnership until 1892, although the partners Taylor and Wright were "totally and completely insolvent." The bill alleges that there are now no assets of any kind of said partnership estate, but it does not allege that there were none when the firm ceased to do business or that the complainant made any effort to collect the debt from said firm, beyond making a demand for payment. The averments of a loan of such large amount to a firm of which the complainant's husband was the senior partner, just on the verge of its collapse, with no effort of any kind to collect it for at least twelve years and after the death of the only responsible partners, nor to secure judgment against the firm until twenty years had passed, and then only because under our law it was held to be a condition precedent to a bill against the representatives of deceased partners, *Taylor* v. *Slater*, 17 R. I. 801, present a case which is calculated to shock a court of equity by its mere statement. It is manifest, upon such a statement, that executors, administrators, and heirs must be at a great disadvantage, after the lapse now of over twenty-five years, in proving the conditions of the loan, the assets, and the transactions of the partnership with the complainant, or in disproving the fact of the loan itself. While Mason or Slater were alive, who would be supposed to know about those things, the complainant was silent. But, in addition to all this, the bill directs our attention to the fact, already mentioned, that the complainant makes a vital change in her allegations as to the issue of the note from those in her former bill. For such delay, with such natural results, not a word of explanation or excuse is offered. The coverture of the complainant did not prevent a suit, for our statutes have all along enabled a married woman to sue through a trustee.

The only suggestion of a justification for her long delay is

the allegation that she is not and has not been guilty of any laches in the premises as she is, by a decree of this court, entered December 17, 1892, permitted to pursue her remedy against the respondent without prejudice to the complainant's right to any remedy to which she might be entitled upon said note of $25,000 against the said respondents, provided she should first pursue her claim against said Frank C. Taylor and John M. Wright, surviving partners, to final judgment and execution, as required by statute, which was the ground of dismissal of the suit. The allegation that such a decree was a permission to maintain this suit to the extent claimed is certainly unfounded. As the case stood, we had decided that the note was barred by the statute of limitations. The complainant then amended her bill by alleging the issue of the note to herself, as in this case. Then, on demurrer to the amended bill, we decided that it would not lie until after compliance with the statutory requirement of resort to the surviving partners. The question of laches did not arise, because the bill was to be dismissed upon the ground stated, and the court could not tell whether a new bill, if one should be filed, might not show facts which would excuse (4) apparent laches. The decree was, therefore, an ordinary decree, "without prejudice." The effect of such a decree is stated in *Reynolds* v. *Hennessey*, 17 R. I. 169, 175, thus: "The intention and effect of such a reservation in a decree are by express terms to prevent it from operating as a bar to another suit. A dismissal 'without prejudice' leaves the parties as if no action had been instituted." It gives to a complainant the right to state a new and proper case, if he can, but it takes away no right of defence to such suit on any ground other than that of the judgment as a bar. The recital of such a provision in a decree is no excuse for laches, when this objection would have applied to the suit in which the decree was entered. Had that bill been filed with reasonable diligence, resulting in such a decree, the case would have been different, but, as it stands, injurious delay without excuse is apparent in both bills.

Cases applying the doctrine of laches are too numerous to

cite. In many of them it has been applied to delay for a less time than appears in this bill. As Mr. Justice Brewer said, in *Galliher* v. *Cadwell*, 145 U. S. 368, 371 : " The question of laches turns not simply upon the number of years which have elapsed between the accruing of rights, whatever they were, and the assertion of them, but also upon the nature and evidence of those rights, the changes in value, and other circumstances occurring during that lapse of years."

The principle is sufficiently stated by Mr. Justice Gray, in *Speidel* v. *Henrici*, 120 U. S. 377, 387: "Independently of any statute of limitations, courts of equity uniformly decline to assist a person who has slept upon his rights, and shows no excuse for his laches, in asserting them."

For these reasons we are of opinion that the demurrer to the bill must be sustained.

*Louis Kistler, John W. Byam, Robert B. Kendall, Alfred S. Johnson*, for complainant.

*Charles P. Robinson and Livingston Ham*, for respondents.