353 P.2d 1059

William Robert CHRONISTER, a minor by his next friend, Bill Chronister, and Bill Chronister, individually, Plaintiffs-Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Garnishee, Appellee (two cases).

Nos. 6579, 6580.

Supreme Court of New Mexico.

July 11, 1960.

J. Lee Cathey, Roswell, for appellants.

Brown & Brainerd, Roswell, for appellee.

CHAVEZ, Justice.

This is an appeal from the granting of two summary judgments in causes numbered 6579 and 6580, Chaves County. By stipulation, the appeals were consolidated.

The case involves a controversy over an automobile liability insurance policy. On July 25, 1957, plaintiffs, William Robert Chronister, a minor, by his next friend, Bill Chronister, and Bill Chronister, individually, plaintiffs-appellants, filed an amended complaint against Evelyn Mae Casper and J. E. Sparkman, defendants, asking damages for personal injuries suffered on June 28, 1957, by said minor child as a result of the operation of an automobile driven by the defendant, Evelyn Mae Casper. The complaint is in three causes of action, the first cause of action against defendant, Casper, alleges simple negligence in the operation of an automobile, resulting in injuries to said minor child and damages

to his father for medical and hospital expenses. The second cause of action alleges that defendant, Sparkman, operated an ice cream truck upon the public streets and by means of a mechanical musical apparatus attracted said child upon the street and into the path of Casper's automobile, and alleges further that as a result of the negligence of defendant, Sparkman, said minor and his plaintiff-father were damaged. The third cause of action alleges that the concurring negligence of the defendants, Sparkman and Casper, was the direct and proximate cause of the personal injuries.

The record discloses that on October 18, 1957, plaintiffs' attorney notified Brown & Brainerd, attorneys, that unless an answer was filed in the case within ten days, plaintiffs would seek a judgment by default against defendant, Sparkman.

On October 26, 1957, attorneys Brown & Brainerd filed a notice of their withdrawal as attorneys for Sparkman.

On December 3, 1957, a default judgment was entered for plaintiffs and against Sparkman in the sum of $912.08.

The judgment, among other things, provided:

"It Is Further Ordered, Adjudged, and Decreed that any other damages to which the plaintiffs are entitled to have and recover against the defendant, J. E. Sparkman, shall be held in abeyance until trial of the issues between plaintiffs and the defendant, Evelyn Mae Casper."

Upon said judgment a writ of garnishment was issued on December 3, 1957, against Sparkman and State Farm Mutual Automobile Insurance Company, garnishee. On January 13, 1958, Brown & Brainerd, attorneys, filed their entry of appearance on behalf of garnishee. On January 14, 1958, district judge Geo. T. Harris filed a recusal in said cause. On January 14, 1958, garnishee filed its answer denying liability.

On March 6, 1958, plaintiffs filed interrogatories to the garnishee and garnishee made answer thereto on April 23, 1958, stating: That on June 28, 1957, garnishee had in effect a contract of insurance wherein J. E. Sparkman was named as insured; that the policy period was from June 22, 1957, to December 22, 1957; that the policy limits as to liability, injury and property damage were $10,000 per person, $20,000 per accident, and $5,000 property damage; that garnishee's adjuster was notified that an accident had occurred in which plaintiff, William Robert Chronister, was injured on June 28, 1957; that the adjuster interviewed various witnesses to the accident and statements were taken from Evan E. Casper, Evelyn Mae Casper and Doil Wilson; that Sparkman delivered a copy of the summons to garnishee's Roswell office; that garnishee employed attorneys Brown & Brainerd.

On November 26, 1958, plaintiffs' attorneys gave written notice to garnishee that at 9:00 a. m., December 16, 1958, in the district court room at the Lea County Courthouse, Lovington, New Mexico, plaintiffs would make application to the court for commission authorizing the taking of the deposition of defendant, Sparkman, on January 5, 1959.

On December 5, 1958, an affidavit of Robert H. Sprecher, assistant district attorney, fifth judicial district of New Mexico, was filed, setting out that on August 5, 1957, he filed a criminal complaint in justice of the peace court, precinct No. 1, Chaves County, New Mexico, against Sparkman, and that on October 2, 1957, he filed in the same justice court another criminal complaint against Sparkman. Affiant further stated that the police authorities of Chaves County were unable to apprehend Sparkman on either of the charges because they were unable to locate him, and the whereabouts of said Sparkman remained unknown from the time that he was charged until he was apprehended by the police authorities in California in late October or early November, 1957. Affiant further stated that said Sparkman refused to return voluntarily to the State of New Mexico and an extradition hearing was set in California for December 6, 1957, and that by agreement between Sparkman's attorneys in California and the district attorney in New Mexico, said Sparkman made full restitution on December 21, 1957, and the above charges against him were dismissed.

On November 29, 1958, garnishee filed a motion for summary judgment in cause No. 6579, alleging: That on June 28, 1957, garnishee had in force a policy of insurance whereby garnishee, subject to the terms and conditions set out in the policy, insured Sparkman against liability arising out of the ownership, maintenance or use of Sparkman's truck; that said policy provided:

"The insured shall cooperate with the company and upon its request, attend hearings and trials, assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits * * *."

Garnishee further alleged in said motion that Sparkman was served with process on July 25, 1957; that thereafter Sparkman wholly failed to cooperate with the garnishee in the defense of the case; that he absented himself from the state without notice to garnishee; that garnishee was unable to present a defense to the action; that garnishee made diligent and continued efforts to locate Sparkman in order to secure his cooperation but was unable to do so; that Sparkman's failure to cooperate with garnishee terminated the liability of garnishee under said policy; that no genuine issue of material fact exists which would entitle plaintiffs to recover under the writ of garnishment.

174

On December 15, 1958, plaintiff filed its response to the motion for summary judgment, in effect denying the allegations that Sparkman had failed to cooperate with the garnishee and also denying that there was no genuine issue of material fact.

On March 25, 1959, summary judgment was granted by the trial court in cause No. 6579, and the court found: That garnishee was the insurer of Sparkman under the terms of its policy of insurance; that Sparkman left New Mexico after having been served with process but before the time for answer had expired; that Sparkman failed to notify garnishee of his whereabouts although he knew of the impending trial; that Sparkman wholly failed to cooperate with the garnishee as required by the policy; that there was no genuine issue of material fact upon which to hold the garnishee liable.

On January 31, 1959, a final judgment was entered in cause No. 6580, assessing damages against Sparkman and in favor of Bill Chronister as father and next friend of the minor child, William Robert Chronister, in the sum of $5,000, and damages for Bill Chronister, individually, against the defendant, Sparkman, in the sum of $1,387.96. A writ of garnishment was issued on this judgment on February 12, 1959, and on February 20, 1959, garnishee filed its answer denying liability.

On March 25, 1959, garnishee filed a motion for summary judgment in cause No. 6580, alleging the same matters alleged in the motion for summary judgment in cause No. 6579, except that garnishee also alleged that the matters raised by plaintiffs' garnishment of February 2, 1959, were res judicata. On April 24, 1959, the trial court granted summary judgment in cause No. 6580, making the same findings that were made by the trial court in the summary judgment in cause No. 6579, except that in the summary judgment in cause No. 6580 the trial court also found that all matters raised in plaintiffs' writ of garnishment of February 2, 1959, were res judicata.

The plaintiff, on April 7, 1959, filed a praecipe of the record and on April 20, 1959, an amended praecipe was filed. On April 25, 1959, garnishee filed a counter-praecipe requesting that the record also include the notice to take the deposition of Sparkman and the affidavit of Robert H. Sprecher.

■ Appellants raise the point that:

"Whether a judgment debtor failed to cooperate with the insurer-garnishee under the terms of an automobile liability insurance policy is a question of fact and should not have been determined by the trial court upon the garnishee's motion for summary judgment."

No evidence was introduced in either cause and the summary judgments were based upon the pleadings and arguments of counsel.

Appellants argue under this point that the record does not sustain the findings of the trial court: (1) That Sparkman left New Mexico after having been served with process and before time for answer had expired; (2) that Sparkman failed to notify garnishee of his whereabouts although he knew of the impending trial; (3) that Sparkman wholly failed to co-operate with the garnishee; (4) that there was no issue of material fact; and (5) that the matters raised by plaintiffs' garnishment of February 2, 1959, were res judicata.

The record is silent as to how or in what manner Sparkman failed to cooperate with the garnishee, except garnishee's allegations that Sparkman absented himself from New Mexico without notice to garnishee; that garnishee was unable to present a defense; and that garnishee made diligent efforts to locate Sparkman but was unable to do so. We do know that Sparkman was served with process on July 25, 1957, and that Sparkman delivered a copy of the complaint and summons to garnishee's Roswell office. When it was delivered, the record does not disclose. Garnishee was notified of the accident, made an investigation, and obtained statements from three witnesses, including the other defendant. Nothing appears in the record as to garnishee's being unable to present a defense, except garnishee's allegation of that alleged fact. Nowhere in the record does it appear that garnishee requested a continuance or made any efforts to take Sparkman's deposition. No requests were made by the garnishee of the defendant, Sparkman, and no showing is made by the garnishee that diligent efforts were made to locate Sparkman. The assistant district attorney of Chaves County knew where Sparkman was and plaintiff's attorney knew where Sparkman was when he gave notice to take Sparkman's deposition. Said attorney, under oath, states that he talked to Sparkman who told him that he had cooperated with the insurance company. The most that the record discloses is that the Chaves County officers were unable to locate Sparkman and that his whereabouts were unknown to the assistant district attorney from the time he was charged on August 5, 1957, until he was apprehended in California late in October or early November, 1957.

This, in our opinion, is not sufficient to sustain a finding that Sparkman left New Mexico after having been served with process but before time for answer had expired; or that Sparkman failed to notify garnishee of his whereabouts; or that Sparkman failed to cooperate with the garnishee.

■ Appellee also contends that since appellant requested less than the complete record, but failed to include in the praecipe any statement of the points upon which appellant would rely, that the jurisdiction of this court is defeated under Rule 12, subd. 1, Supreme Court Rules. The part of the record referred to by appellee was the affidavit of Robert H. Sprecher and the notice filed by appellants' attorney to take the deposition of Sparkman in California. These were included in the record as called for under appellee's counterpraecipe.

There is no merit in appellee's contention. No showing is made that appellee was prejudiced by the action of appellant. Keeley v. Mutual Life Ins. Co. of New York, 113 F.2d 633. Compare Basic Refractories v. Bright, 71 Nev. 248, 286 P. 2d 747; State v. Gonzales, 43 N.M. 498, 95 P.2d 673; State v. Apodaca, 42 N.M. 544, 552, 553, 82 P.2d 641.

In the federal courts the Rules of Civil Procedure have abolished use of assignments of error on appeal to the courts of appeal. Rule 75(d), Federal Rules of Civil Procedure. Our present Supreme Court Rule 12, subd. 1 became effective April 15, 1956, and amended our former rule by substituting the words "points as stated" for "errors assigned."

This is not a case wherein Sparkman was the only material eyewitness to the collision. Garnishee had the statement of the other defendant who is alleged to be directly involved in the accident, together with the statement of two other witnesses. To what extent, if any, and how material Sparkman's testimony would have been to garnishee's defense is unknown. However, other testimony of material witnesses was available. It is not disputed that garnishee was also the insurer of the other defendant. With other material witnesses available, we cannot say under the record that Sparkman's absence made the garnishee incapable of conducting its defense, or that it was prejudiced by Sparkman's absence. See Annotations, 72 A.L.R. 1446, 1455; 98 A.L.R. 1465, 1469; 139 A. L.R. 771, 780. It seems to us that before garnishee may rely upon a breach of the cooperation clause, it must show that it has itself acted with reasonable diligence and took reasonable steps to locate Sparkman, even if his whereabouts were unknown to the assistant district attorney. 60 A.L.R.2d 1146.

■ The great weight of authority holds that to constitute a breach of a cooperation clause by the insured, there must be a lack of cooperation in some substantial and material respect. American Fidelity & Casualty Co. v. Sterling Express Co., 91 N.H. 466, 22 A.2d 327, 137 A.L.R. 651; Conold v. Stern, 138 Ohio St. 352, 35 N.E. 2d 133, 137 A.L.R. 1003; Standard Acc. Ins. Co. of Detroit, Michigan v. Winget, 9 Cir., 197 F.2d 97, 103, 34 A.L.R.2d 250;

State Farm Mutual Automobile Ins. Co. v. Palmer, 9 Cir., 237 F.2d 887, 60 A.L.R.2d 1138.

In Standard Acc. Ins. Co. of Detroit, Michigan v. Winget, supra [197 F.2d 103] the court stated the rule involving a co-operation clause as follows:

"These cases emphasize the fact that cooperation implies not an abstract conformity to ideal conduct, but a pragmatic question to be determined in each case in the light of the partic-ular facts and circumstances."

Ermakora v. Daillakis, 90 Ohio App. 453, 107 N.E.2d 392, was a case involving a cooperation clause similar to the one in the case at bar. The only testimony bear-ing upon the lack of cooperation by the in-sured, was that of plaintiff's attorney that he had failed to locate the insured. The court held that such testimony was insuffi-cient to substantiate the affirmative defense by the insurance company that the cooper-ation clause in the policy had been breached by the insured. The court further held that the insurance company had the burden of sustaining the affirmative defense of lack of cooperation; that it offered no evidence in the trial court to show that the insured was ever requested at any time to cooper-ate, or that he refused to cooperate when requested; and that plaintiff's evidence did not supply this missing proof.

It has also been held that where the evi-dence showed that the attorney for the in-surer attempted to locate the insured to secure his attendance upon the trial, but that it was learned after an extended effort to locate him, that the insured had returned to Russia, leaving no address where he might be reached, that the issue whether the insured had breached the cooperation clause in the policy should be submitted to the jury. This case reversed a summary judgment for plaintiff. Schoenfeld v. New Jersey Fidelity & P. G. Ins. Co., 203 App. Div. 796, 197 N.Y.S. 606.

MacClure v. Accident & Casualty Ins. Co., 229 N.C. 305, 49 S.E.2d 742, was a case wherein the evidence for the insurer show-ed extensive efforts to locate the insured, who traveled with a carnival, had been unsuccessful. It was held that the jury, in the action by the injured party against the insurer, should have been permitted to pass upon the question whether the in-sured had breached the cooperation clause.

In Oberhansly v. Travelers Insurance Co., 5 Utah 2d 15, 295 P.2d 1093, it was held that although an unreasonable failure by insured to attend the trial and testify when he is a material witness is a breach of a cooperation clause in automobile lia-bility policies, where failure to appear is excusable or justifiable, and not without good reason, "it does not, in itself, con-stitute lack of cooperation." An insurance company must use due diligence in per-

forming its part of the contract in relation to preparation of a defense to the suit. See Jensen v. Eureka Casualty Co., 10 Cal. App.2d 706, 52 P.2d 540.

In State Farm Mut. Automobile Ins. Co. v. Koval, 146 F.2d 118, 120, the tenth circuit court of appeals, through Mr. Justice Phillips, Circuit Judge, stated the rule as follows:

"We have not found any Oklahoma decision dealing with the questions here presented. Under the weight of authority, to constitute a breach of a cooperation clause by the insured, there must be a lack of cooperation in some substantial and material respect that results in prejudice to the insurer; whether there has been such a breach is a question of fact; and such a breach is an affirmative defense, the burden of establishing which rests on the insurer."

See cases cited in footnotes 2 and 3, page 120. See also Commercial Standard Insurance Company v. Readnour, 10 Cir., 241 F.2d 14, 17.

In Roberts v. Commercial Standard Insurance Company, D.C.Ark.1956, 138 F. Supp. 363, 373, the court said:

"It is true, as plaintiff contends, that to constitute a breach of policy the lack of cooperation must be material. See annotations, 139 A.L.R. 771, 780, 98 A.L.R. 1465, 1469; 72 A.L.R. 1446, 1455. It is also true that some courts go further and require prejudice to the insurer * * * [State Farm Mut. Automobile Ins. Co. v. Koval, 10 Cir., 146 F.2d 118, 120, corrected citation]; Associated Indemnity Corporation v. Davis, 3 Cir., 136 F.2d 71."

Apparently the Arkansas Supreme Court has not passed upon the precise question of prejudice, but in United States Fidelity & Guaranty Co. v. Brandon, 186 Ark. 311, at page 315, 53 S.W.2d 422, at page 423, the court said:

"It is true that it was the duty of the assured to co-operate with the defendant by lending aid and such information as he possessed in preparing the case for trial, and to attend the trial and testify as to the true facts and circumstances concerning the accident. Without his presence and aid the insurance company was seriously handicapped. But there is nothing in this record to show the reason for Hanley's absence from the trial. For aught we know he may have been seriously ill or dead. We are therefore of the opinion that it was the duty of the insurance company in this action to go further than showing his mere absence from the trial, in order to show lack of co-operation, and to show the reason for such absence * * *."

See Fulkerson v. Iowa Home Mutual Casualty Company, D.C.Wyo.1957, 150 F.Supp.

*663, 667, 668, affirmed 10 Cir., 1958, 255 F.2d 242.*

■ Appellee next contends that all of the matters raised by the garnishment of February 2, 1959, in cause No. 6580 had previously been determined by the court and that the same are res judicata. The trial court in rendering default judgment on December 3, 1957, in cause No. 6579 to plaintiffs in the sum of $912.08, held in abeyance the matter of any other damages to which plaintiffs were entitled against the defendant, Sparkman, until trial of the issues between plaintiffs and the defendant, Evelyn Mae Casper.

Both parties argue as to the import of Rule 54(b), Rules of Civil Procedure. We do not believe that this rule is applicable. It is true that Rule 54(b) authorizes, but does not require, the district court in its discretion to enter "a final judgment upon one [1] or more but less than all of the claims" provided it makes a certificate, i. e., "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment." Absent such an adjudication of less than all the claims, the order is interlocutory, for the Rule states:

"In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

See Bendix Aviation Corp. v. Glass, 3 Cir., 1952, 195 F.2d 267, 38 A.L.R.2d 356.

In cause number 6579 the claim was decided, but there was no express determination, "that there is no reason for delay with respect to the entry of the final judgment," and the trial court did not "expressly direct the entry of a final judgment adjudicating that claim." Thus the judgment in cause number 6579 was not a final judgment. The trial court, by retaining jurisdiction, in effect denied the first judgment status of finality and accordingly, it was not appealable. Town of Clarksville, Va. v. United States, 4 Cir., 198 F.2d 238; Gold Seal Co. v. Weeks, 93 U.S.App.D.C. 249, 209 F.2d 802; Rieser v. Baltimore & Ohio Railroad Co., 2 Cir., 224 F.2d 198; Cott Beverage Corp. v. Canada Dry Ginger Ale, 2 Cir., 243 F.2d 795.

Appellees' contention that the matters raised by the garnishment of February 2, 1959, in cause number 6580, had been previously determined by the court and that the same are res judicata is not well founded. The first judgment in cause number 6579 was a partial determination of the claim alleged and was nothing more or less than an interim order. It was not appeal-

able and we seriously doubt if any question of res judicata was present.

 Appellee further contends that the summary judgments should be sustained for the reason that appellants did not traverse the sworn answer of the garnishee. Garnishee, by its answer, denied being indebted to plaintiff and then raised an independent question of law. Central Loan & Trust Co. v. Campbell, 173 U.S. 84, 19 S.Ct. 346, 43 L.Ed. 623, indicates that the failure to traverse the answer of a garnishee, which, by statute, makes it conclusive of the truth of the facts therein stated, does not make it conclusive as to statements made by an interplea, wholly independent and distinct from the garnishment.

 There is a further reason why appellee is in error on this point. § 26–2–17, N.M.S.A., 1953, upon which appellee relies, is not self-executing. Garnishee did not move to dissolve the writ of garnishment for failure of plaintiffs to traverse the same, and no application having been made thereunder in the lower court, it cannot be raised for the first time in the supreme court.

We are of the opinion that under the record heretofore considered, triable issues of fact are presented and that the learned trial court committed error in granting the motions for summary judgment.

Case reversed and remanded with direction to set aside the summary judgments heretofore entered and proceed with trial by jury, unless jury be waived, of all triable issues raised by garnishee's answer.

It is so ordered.

McGHEE, C. J., and COMPTON, CARMODY and MOISE, JJ., concur.