453 P.2d 757

**AETNA CASUALTY & SURETY COMPANY, Plaintiff-Appellant,**

v.

**Donald A. MILES, Frances Miles, Jointly and severally, Francis V. Taylor, Blanche Taylor, Jointly and severally and as sole beneficiaries of the Estate of Edith Taylor, Deceased, Defendants-Appellees.**

**No. 8603.**

Supreme Court of New Mexico.

May 5, 1969.

**238**

Irving E. Moore, Albuquerque, for appellant.

No appearance for appellees.

## OPINION

NOBLE, Chief Justice.

Aetna Casualty & Surety Company (hereafter referred to as Insurance Company), sued Donald Miles and Frances, his wife, in the first cause of action, and Francis V. Taylor and Blanche, his wife, in a second cause of action, all to recover back medical expenses paid under an automobile insurance policy. Following the entry of a special appearance by the defendants Miles, attacking the court's jurisdiction, the trial court dismissed the action as to them. No disposition was made regarding the claim against the Taylors. The Insurance Company has appealed from the order of dismissal as to the Miles.

We are confronted at the threshold with a jurisdictional question as to our right to entertain this appeal. In addition, unfortunately, the defendants-appellees have filed no brief and the case has been submitted to us upon the appellants' brief in chief alone, pursuant to Supreme Court Rule 15(7) (§ 21–2–1(15) (7), N.M.S.A. 1953 (Supp.1967).

Rule 54(b) of the Rules of Civil Procedure (§ 21–1–1(54) (b), N.M.S.A. 1953) reads:

"When more than one [1] claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one [1] or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

Under the rule, where the action involves multiple claims, an order or decision is not final if it adjudicates less than all of the claims in the action, unless the trial court makes (1) an express determination that there is no reason for delay, *and* (2) an express direction for entry of judgment. Absent such express determination and order, a multiple claims action is treated

in its entirety as a single judicial unit, and the adjudication of one or more of such multiple claims, but less than all of them, is not a final judgment or order. 6 Moore's Federal Practice (2d Ed.) § 54.34, and under Supreme Court Rule 5 (§ 21–2–1(5), N.M.S.A.1953) is not appealable. See Chronister v. State Farm Mut. Auto. Ins. Co., 67 N.M. 170, 353 P.2d 1059, where we said that absent the adjudication and order required by Rule 54(b), the order is not final and thus in that case was not res judicata.

In Klinchok v. Western Surety Co., 71 N.M. 5, 375 P.2d 214, we noted the question of whether Rule 54(b) would prevent an appeal because of the absence of the determination and order required by that rule, but did not reach the 54(b) question because of our holding that in any event the order sought to be appealed was not a final one within the meaning of Supreme Court Rule 5(1) or (2). See also Platco Corp. v. Colonial Homes, Inc., 78 N.M. 35, 428 P.2d 9.

 While the jurisdictional question has not been raised by any party, an appellate court will, on its own motion, raise lack of its jurisdiction when an order lacks finality due to an absence of the necessary determination and order of the trial court. Flegenheimer v. Manitoba Sugar Co., 182 F.2d 742 (2d Cir. 1950). See Rice v. Gonzales, 79 N.M. 377, 444 P.2d 288; Marquez v. Wylie, 78 N.M. 544, 434 P.2d 69; Hayes v. Hagemeier, 75 N.M. 70, 400 P.2d 945; Evans v. Barber Super Markets, Inc., 69 N.M. 13, 363 P.2d 625.

Because of Rule 54(b), the order sought to be appealed is not final and appealable because here there are multiple claims and the trial judge did not direct the entry of a final judgment upon an express determination that there is no just reason for delay.

Lacking jurisdiction to consider the appeal, it must be dismissed.

It is so ordered.

COMPTON and TACKETT JJ., concur.