469 P.2d 709

Robert VOISEN, Defendant, Third-Party
Plaintiff-Appellee,

v.

Albert KANTOR, d/b/a National Car Wash
Systems, Third-Party Defendant and
Fourth-Party Plaintiff-Appellant,

v.

George KORAN, d/b/a Koran Construction
Company, Fourth-Party Defend-
ant-Appellee.

No. 8800.

Supreme Court of New Mexico.

May 25, 1970.

Nordhaus & Moses, Thomas J. Dunn,
Albuquerque, for appellant.

## OPINION

McKENNA, Justice.

From the record it appears that this action involves multiple claims within the scope of Rules 54(b) [§ 21–1–1(54) (b), N.M.S.A.1953]. In 1967, a judgment predicated upon findings and conclusions was granted to third-party plaintiff Robert Voisen, the appellee, against third-party defendant National Car Wash Systems, the appellant, who failed to appear at the time set for trial. Thereafter, in 1967, a Supplemental Order and Judgment was granted the appellee, reducing the judgment to $34,-750. Next, the appellant moved to vacate and set aside the judgment, which was denied by Order of the court. The appellant now appeals the Order denying the motion to vacate and set aside the judgment. The appellee did not file a brief.

The pertinent portion of our Rule 5(2) [§ 21–2–1(5) (2), N.M.S.A.1953] allows an appeal "from all final orders affecting a substantial right made after the entry of *final* judgment." Rule 54(b), supra, at the material times, provided:

"When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one [1] or more but less than all of the claims *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis added.)

We have searched the record and fail to find the express determination and direction that must be made by the trial judge under Rule 54(b), supra, in order for the

judgment or the supplemental order and judgment to qualify as a final judgment. Aetna Casualty & Surety Co. v. Miles, 80 N.M. 237, 453 P.2d 757 (1969); Chronister v. State Farm Mutual Automobile Ins. Co., 67 N.M. 170, 353 P.2d 1059 (1960).

On our own motion we must point out the lack of jurisdiction which prevents us from considering the substantial questions presented under Rule 60(b) of the Rules of Civil Procedure [§ 21–1–1(60) (b), N.M. S.A.1953], and, accordingly, the appeal must be dismissed. See Aetna Casualty & Surety Co. v. Miles, supra.

It is so ordered.

COMPTON, C. J., and SISK, J., concur.