477 P.2d 819

James O. CARPENTER, d/b/a James O. Carpenter, Painting Contractor, Plaintiff-Appellee,

v.

John H. MERRETT, Edith M. Merrett, his wife, First National Bank In Albuquerque and First National City Bank, Defendants-Appellants and Cross-Appellees,

v.

KIMBROUGH–CARPENTER, INC. and Orrion Perry, d/b/a Gas Appliance Service Company, Cross-Claimants-Appellees,

Blueher Lumber Company, Inc. and Dar Tile Company, Cross-Claimants-Appellees and Cross-Appellants.

No. 8981.

Supreme Court of New Mexico.
Dec. 7, 1970.

Rehearings Denied Dec. 28, 1970.

Hines & Sullivan, Albuquerque, for defendants-appellants and cross-appellees.

McNeany, Rose & Sholer, Albuquerque, for James O. Carpenter.

Perry S. Key, Albuquerque, for Kimbrough-Carpenter.

McAtee, Marchiondo & Michael, Pat Chowning, Albuquerque, for Orrion Perry.

Oliver Burton Cohen, Albuquerque, for Blueher Lumber and Dar Tile.

OPINION

WATSON, Justice.

This is one case in a series which resulted from the bankruptcy of Mock Homes, Inc., general contractor, after the sale of the residence property and before the time for filing labor and materialmen's liens had expired. See Brito v. Carpenter, 81 N.M. 716, 472 P.2d 979 (1970). The trial of this case, No. A–23377 below, was on the issues raised by the complaints and cross-complaints and involved the validity and

priority of the parties' interests in Lot 31, Block 7 of Desert Terrace, Unit No. 2. Appellants here are the home owners and the mortgage holders; appellees are the lien claimants.

On his complaint, appellee James O. Carpenter received a separate judgment entered on April 29, 1969, which provided that his lien be foreclosed against appellant's interests and "be coequal in priority to that of any other mechanic's lien claimant whose claim may hereafter be adjudicated as valid and subsisting by the court in this cause." Notice of Appeal was filed on May 28, 1969. Except for Orrion Perry d/b/a Gas Appliance Service Company, the other appellees received separate judgments on their cross-claims. Kimbrough-Carpenter, Inc.'s judgment is dated May 7, 1969; Notice of Appeal was filed June 6, 1969. Blueher Lumber Company and Dar Tile Company received separate judgments on September 23, 1969, to which separate Notices of Appeal were filed on October 6, 1969. Although a Notice of Appeal was filed on August 25, 1969, as to Orrion Perry, no judgment appears to have been entered with respect to his interest.

Our Rule 54(b) [§ 21-1-1(54) (b), N.M. S.A., 1953 Comp.] reads as follows:

"When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

None of the separate judgments entered herein contain any express determination that there is no just reason for delay nor any express direction for their entry. None of the judgments herein appear as a final judgment. A sale of property and proration among *all* valid liens is indicated in the judgments. But the record before us indicates no final judgment adjudicating Perry's lien. Where further action of the court is necessary to complete the relief contemplated the judgment is interlocutory only. Bateman v. Gitts, 17 N.M. 619, 133 P. 969 (1913). In such cases under our Rule 54(b) supra, we lack jurisdiction to consider the appeal. Voisen v. Kantor, 81 N.M. 560, 469 P.2d 709 (1970); Aetna Casualty & Surety Company v. Miles, 80 N.M. 237, 453 P.2d 757 (1969). Compare Mutual Building & Loan Ass'n of Santa Fe v. Fidel, 78 N.M. 673, 437 P.2d 134 (1968).

The appeal here is dismissed.

It is so ordered.

COMPTON, C. J., and McKENNA, J., concur.