[No. 519-41269-1.    Division One—Panel 2.    April 26, 1971.]

HENRY M. KERON, *Appellant,* v. NAMER INVESTMENT CORPORATION, *et al., Respondents.*

810

*Koenigsberg, Brown & Sinsheimer* and *Ronald J. Meltzer,* for appellant.

*Stanley B. Allper,* for respondents.

SWANSON, J.—Henry M. Keron, receiver for Mar-Min Enterprises, Inc. ("Mar-Min"), sued Namer Investment Corporation ("Namer"), and The Aetna Casualty and Surety Company ("Aetna").[1] Mar-Min's claim for damages is predicated on the theory expressed in the pleadings and the opening statement to the trial court that Namer wrongfully evicted Mar-Min from the premises it leased from Aurora Merchandising Corporation ("Aurora").[2] The trial court dismissed plaintiff Mar-Min's action for damages allegedly caused by defendant Namer's unlawful detainer action brought to gain possession of the premises Mar-Min was leasing from Aurora. The dismissal was on the basis that the issues raised in plaintiff's complaint had already been determined in the prior unlawful detainer action between Namer and Mar-Min, and that such determination was res judicata. Secondly, the trial court held that a 2-year

[1] Aetna is the bonding company for Namer in the unlawful detainer action against Mar-Min and was joined as a defendant in this action on the theory that Namer wrongfully evicted Mar-Min, and thus the conditions of the bond were violated.

[2] Namer owned a 45,000-square-foot building located on Aurora Avenue North in Seattle, Washington. Namer leased the entire premises to Aurora so that Aurora could conduct a membership-type discount store. Namer and Aurora were separate corporations and had separate functions but had the same officers and stockholders. Aurora, in turn, sublet departments of the store to various subtenants, including Mar-Min.

statute of limitations applied (RCW 4.16.130), and since more than 2 years had elapsed since the cause of action arose, plaintiff's claim was barred. Plaintiff Mar-Min appeals from the judgment of dismissal and assigns error to such ruling.

The prior unlawful detainer action is not res judicata of any of the issues raised here. Such action prior to the taking of any testimony, was dismissed without prejudice after respondent's motion for a nonsuit. See CR 41(a)(1)(B). *McKay v. McKay,* 47 Wn.2d 301, 304, 287 P.2d 330 (1955). Therefore, no final determination was made. *Bates v. Drake,* 28 Wash. 447, 454, 68 P. 961 (1902); *Maib v. Maryland Cas. Co.,* 17 Wn.2d 47, 52, 135 P.2d 71 (1943).

In considering the second ground given for dismissal of appellant's claim, that it is barred by the 2-year statute of limitations, we must first ascertain the nature of appellant's claim. Appellant argues to us that his claim is based on several theories: trespass, breach of lease, and wrongful eviction. Our examination of the pleadings and review of appellant's opening statement to the trial court reveal only one theory—wrongful eviction. The claim and counsel's opening statement make reference to special damages caused by such eviction, including a loss of the lease appellant had with Aurora. But neither the pleadings nor counsel's opening statement assert any claim for damages based upon a breach of the lease or upon a trespass of the premises leased by appellant from Aurora. We are mindful of the rule that even though the trial court can summarily dismiss plaintiff's complaint on the opening statement (*Scott v. Rainbow Ambulance Serv., Inc.,* 75 Wn.2d 494, 452 P.2d 220 (1969)), such procedure should be used sparingly and cautiously, and the court must give counsel every opportunity to explain and qualify (*Bartel v. Brockerman,* 49 Wn.2d 679, 306 P.2d 237 (1957)). Here, counsel fully stated his position which the court understood and described as the tort of "wrongful eviction." No claim was made to the trial court on the basis of a breach of lease or trespass. In his opening statement, appellant's counsel said to the court,

We maintain what other means do we have but this action here against Namer Investment Corporation to maintain our action for the unlawful eviction and damages that flow.

. . .

Our complaint against the Namer Investment Corporation bottoms upon the fact that the Namer Investment Corporation brought this action [unlawful detainer].

■ The failure of appellant's counsel to urge these additional theories of trespass[3] and breach of lease[4] at the trial court level precludes their consideration on appeal. *Impero v. Whatcom County,* 71 Wn.2d 438, 430 P.2d 173 (1967); *Riblet v. Ideal Cement Co.,* 57 Wn.2d 619, 358 P.2d 975 (1961).

■ An action for wrongful eviction is not provided for in any other portion of RCW 4.16; therefore, we conclude RCW 4.16.130 applies:

An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued.

*Theurer v. Condon,* 34 Wn.2d 448, 454, 209 P.2d 311 (1949).

---

[3]However, appellant's theory of trespass is not one of trespass governed by RCW 4.16.080(1), because Namer did not negligently enter upon real property or cause a third person to do so. His entry was by the means of bringing an unlawful detainer action. *See Zimmer v. Stephenson,* 66 Wn.2d 477, 403 P.2d 343 (1965). Neither is appellant's action governed by RCW 4.16.080(2), because his action is not a direct invasion of personal property rights. *Luellen v. Aberdeen,* 20 Wn.2d 594, 603, 148 P.2d 849 (1944).

[4]We note that a companion case, Aurora v. Mar-Min, King County cause No. 655474, in which Aurora claims damages for breach of the lease, was consolidated for trial with the case at bar and was continued pending the result of this appeal. If Mar-Min has a claim for damages caused by a breach of the lease, as appellant argues to us, it is governed by the 6-year statute of limitations (RCW 4.16.040), and it was never presented in the unlawful detainer action, nor could it have been. This is because the unlawful detainer action is limited to a determination of the right of possession only. *Young v. Riley,* 59 Wn.2d 50, 365 P.2d 769 (1961); *Kessler v. Nielsen,* 3 Wn. App. 120, 472 P.2d 616 (1970).

The order of dismissal is affirmed.

FARRIS, A.C.J., and JAMES, J., concur.

Petition for rehearing denied June 3, 1971.

Review denied by Supreme Court July 1, 1971.