569 P.2d 957

Ernest ORTEGA, Felipe Lucero, Mavis Gaillour, Catkin Marriott, Mary Russell, Joan Harrigan, Valerie Estes, Laura Douglas, Lucie Cardenas, Gail Stoehr, Nomi Harris, Emily Miksovic, and Beth Loveridge, Plaintiffs-Appellants,

v.

TRANSAMERICA INSURANCE COMPANY, Richard L. Shube, and Krohn Industries, Inc., Defendants-Appellees.

No. 2877.

Court of Appeals of New Mexico.

Sept. 6, 1977.

William D. Diaco, McCulloch, Grisham & Lawless, P. A., Albuquerque, for plaintiffs-appellants.

Richard C. Civerolo, Civerolo, Hansen & Wolf, Albuquerque, for Transamerica Ins. Co.

Thomas D. Schall, Jr., Albuquerque, for Richard Shube.

John A. Klecan, Klecan & Roach, P. A., Albuquerque, for Krohn Industries, Inc.

## OPINION

LOPEZ, Judge.

Plaintiffs filed their complaint against defendants for injuries allegedly suffered in the course of employment. The complaint combined statutory claims under Workmen's Compensation and the Occupational Disease Disablement Act and common law claims based on tort and products liability. The trial court dismissed Counts I and II of the complaint which were based on the statutory claims of recovery. Plaintiffs appeal the dismissal of these two counts. We dismiss this appeal.

The issue on this appeal is whether the Court of Appeals has jurisdiction to review an order of the trial court dismissing two counts of plaintiffs' complaint without prejudice.

Plaintiffs' complaint was comprised of eight counts. The first two counts were based on the Workmen's Compensation Act, § 59–10–1 through § 59–10–7, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, 1960) and the New Mexico Occupational Disease Disablement Law, § 59–11–1 through § 59–11–34, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, 1960). The remaining counts alleged claims under the theories of tort and products liability. The plaintiffs filed a jury demand for the entire action.

Defendants moved to dismiss the complaint on various grounds, including improper joinder of statutory with common law claims.

The trial judge ordered the dismissal of Counts I and II without prejudice. The pertinent part of the order of dismissal from which this appeal is taken reads:

"IT IS FURTHER ORDERED that Count I under the Workmen [sic] Compensation Act and Count II under the Occupational Disease Act against RICHARD L. SHUBE and TRANSAMERICA INSURANCE COMPANY filed by ERNEST ORTEGA, et al and Count I under the Workmen [sic] Compensation Act and Count II under the Occupational Disease Act against RICHARD L. SHUBE and TRANSAMERICA INSURANCE COMPANY filed by DENISE WILCOX be, and the same are hereby, dismissed without prejudice."

The issues raised by the plaintiffs on appeal are the propriety of joinder of claims and parties in the complaint, and the impropriety of dismissal when the court should only have severed the statutory claims from the remaining causes of action.

The defendants raise as their first point the issue of the appealability of the trial court's order.

The dispositive issue in this case is whether the order of dismissal without prejudice is a sufficiently "final" order to allow this Court to exercise its jurisdiction.

*Appealability of the Order of Dismissal*

Two rules are applicable to this appeal. Section 21–12–3(a), N.M.S.A.1953 (Repl. Vol. 4, Supp.1975) states:

"[A]ny party aggrieved may appeal to the appropriate appellate court within thirty days after entry of

"(1) *Any final judgment or decision;*

"(2) *Any interlocutory order or decision which practically disposes of the merits;* . . .

"(3) Any *final order after entry of judgment which affects substantial rights* . . . ." [Emphasis added].

From the record it appears that this action involves multiple claims within the scope of Rule 54(b)(1) [§ 21–1–1(54)(b)(1), N.M.S.A.1953 (Repl. Vol. 4, Supp.1975.)]

"(b) *Judgment upon multiple claims or involving multiple parties.* . . .
[W]hen more than one [1] claim for relief is presented in an action, whether as a

claim, counterclaim, cross-claim, or third-party claim, the court may enter a final judgment as to one [1] or more but fewer than all of the claims *only upon an express determination that there is no just reason for delay.* In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims shall not terminate the action as to any of the claims and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." [Emphasis added].

The question before this Court is whether the order of the district judge was a "final" order.

■ The first point to consider is what is contained in the order of the district judge. As was noted above, Counts I and II were dismissed "without prejudice." The effect of a dismissal without prejudice is that it ordinarily imports further proceedings. *Chavez v. Chenoweth,* 89 N.M. 423, 553 P.2d 703 (Ct.App.1976). In *Chenoweth,* the original suit was against four defendants. The trial court granted summary judgment dismissing the claims against three of the defendants "without prejudice." The plaintiff in that case appealed and this Court in Cause No. 1813 dismissed for lack of an appealable order under Civil Procedure Rule 54(b)(1) [§ 21–1–1(54)(b)(1), N.M.S.A.1953 (Repl. Vol. 4, Supp.1975)]. Therefore, dismissal without prejudice is not a final order and is not appealable. *Chavez v. Chenoweth,* supra.

Secondly, the trial court did not direct the entry of a final judgment adjudicating plaintiffs' claims on Counts I and II in compliance with Rule 54(b)(1).

■ Rule 54(b)(1) requires that there be an ". . . express determination that there is no just reason for delay" if a final judgment is to be entered as to fewer than all of the claims. *Carpenter v. Merrett,* 82 N.M. 185, 477 P.2d 819 (1970); *Mock Homes, Inc. v. Wakely,* 82 N.M. 179, 477 P.2d 813 (1970); *Voisen v. Kantor,* 81 N.M. 560, 469 P.2d 709 (1970); *Chronister v. State Farm Mutual Automobile Insurance Company,* 67 N.M. 170, 353 P.2d 1059 (1960).

This rule scrupulously recognizes the statutory requirement of a final decision before an appellate court can exercise its jurisdiction. *Baca Land and Cattle Company v. New Mexico Timber Inc.,* 384 F.2d 701 (10th Cir. 1967).

■ A judgment or order entered on fewer than all the claims asserted against a party, absent an express determination by the court that there is no just reason for delay, is not a final order and hence not appealable.

■ Since we dismiss this appeal for lack of jurisdiction, we do not reach the merits of whether the joinder of statutory and common law claims is proper.

The appeal is dismissed.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

A dismissal of this appeal on jurisdictional grounds deprives plaintiffs of any claim for workmen's compensation or occupational disease benefits. The dismissal of plaintiffs' claim "without prejudice" in the trial court means without prejudice to the right to bring another suit as if no suit had been brought. *Palmer v. Rucker,* 289 Ala. 496, 268 So.2d 773 (1972); *Chambreau v. Coughlan,* 263 Cal.App.2d 712, 69 Cal.Rptr. 783 (1968). A dismissal without prejudice leaves the parties as if no action had been instituted. *Taylor v. Slater,* 21 R.I. 104, 41 A. 1001 (1898).

*McCuistion v. McCuistion,* 73 N.M. 27, 385 P.2d 357 (1963) involved a voluntary dismissal. The Court said:

The voluntary dismissal of a suit leaves a situation . . . the same as though the suit had never been brought; and upon such voluntary dismissal, all prior proceedings and orders in the case are vitiated and annulled, *and jurisdiction of the court is immediately terminated.* [Emphasis added] [73 N.M. at 29, 385 P.2d at 358]

*McCuistion* was followed in *Gonzales v. Oil, Chemical and Atomic Workers Int. U.,* 77 N.M. 61, 419 P.2d 257 (1966).

The rule is the same whether the dismissal is made of a claim "without prejudice" by a court or a voluntary dismissal is made by a party. Under this rule, another claim can be made provided it is not barred by the statute of limitations.

Section 59–10–13.6, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1) of the Workmen's Compensation Act, and § 59–11–15.1, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1) of the Occupational Disease Disablement Law provide that claims shall be filed not later than one year after the failure or refusal of the employer or insurer to pay benefits. If the claim is not filed in time, it is forever barred.

If the plaintiffs file another suit for compensation or disease benefits, the limitation period remains a valid defense because dismissal without prejudice does not take away any defense. *Taylor*, supra, including the limitation defense. *Keron v. Namer Investment Corporation*, 4 Wash.App. 809, 484 P.2d 1152 (1971); *Lighthouse v. Great Western Land & Cattle Corp.*, 88 Nev. 55, 493 P.2d 296 (1972).

Plaintiffs' claim arose in October, 1975. The statute of limitations has run.

I dissent, not to compliment plaintiffs' attorneys, but to assist fourteen plaintiffs.

Plaintiffs filed a complaint in eight counts. Counts I and II were claims for workmen's compensation and occupational disease benefits. Counts III and IV were against defendant Shube, the employee, for negligence. Court V was against defendant Transamerica Insurance Company, the employer's insurer, for negligence.

Defendants Shube and Transamerica Insurance Company filed a motion for dismissal of plaintiffs' complaint "with prejudice" for the following reasons:

(1) The complaint failed to state a claim under the Workmen's Compensation Act or the Occupational Disease Act.

(2) *The complaint joins several causes of action.*

(3) The complaint contains allegations against Krohn Industries and Shube that would entitle these defendants to a jury trial and *same cannot be joined with a workmen's compensation or an occupational disease claim.*

The trial court, without stating any reasons therefor, dismissed Counts I and II of plaintiffs' claim against these defendants "without prejudice". The trial court was evidently misled by defendants' arguments.

Plaintiffs' claims under the Workmen's Compensation Act and the Occupational Disease Act each alleged damages for "mental pain and anguish in the amount of One Million Dollars ($1,000,000.00)" for a total of $14,000,000.00. This is absurd. But it is clear to me that this allegation appeared in the first two claims to constitute a predicate for damages against these defendants and others in additional claims for personal injuries.

Plaintiffs' Counts I and II stated a claim for relief against these defendants for workmen's compensation or occupational disease. The only basis for defendants' motion for dismissal "with prejudice" was the joinder of several causes of action against the employer and the insurance company. This motion to dismiss called to the court's attention the necessity to sever the claims and not to dismiss the counts. "Any claim against a party may be severed and proceeded with separately." Section 21–1–1(21), N.M.S.A.1953 (Repl.Vol. 4). A plaintiff can join as many claims as he may have against an opposing party. Section 21–1–1(18), N.M.S.A.1953 (Repl.Vol. 4).

Dismissal "without prejudice" in this case is a final judgment because plaintiffs have no right to a claim for relief under the Workmen's Compensation Act or the Occupational Disease Act.

This case should be remanded to the district court to vacate the dismissal "without prejudice", and enter an order severing Counts I and II from the other counts and order the plaintiffs to proceed for a hearing on Counts I and II.