705 P.2d 683

**B. L. GOLDBERG & ASSOCIATES, INC., a professional corporation, Plaintiff-Appellee,**

v.

**UPTOWN, INC., d/b/a Plaza Three, Defendant-Appellant.**

**No. 15674.**

Supreme Court of New Mexico.

Sept. 25, 1985.

Clear & Clear, P.A., Thomas J. Clear, III, Albuquerque, for defendant-appellant.

Rodey, Dickason, Sloan, Akin & Robb, Robert C. McCorkle, John W. Swain, Jane G. Printz, Albuquerque, for plaintiff-appellee.

OPINION

FEDERICI, Chief Justice.

The opinion of this Court heretofore filed on August 14, 1985 is withdrawn and the following opinion is substituted therefor.

■ Plaintiff-appellee, B. L. Goldberg & Associates, Inc. (Goldberg), brought suit in the District Court of Bernalillo County for money owed on an open account. Defendant-appellant, Uptown, Inc. (Uptown), filed a counterclaim sounding in breach of contract, fraud, and misrepresentation. The trial court dismissed the counterclaim by summary judgment prior to trial. Uptown appealed from the dismissal of its counterclaim. Goldberg subsequently filed a motion with this Court requesting that we dismiss the appeal for lack of jurisdiction. That motion was denied. Now, however, with the benefit of full briefing and further oral argument, we determine that this Court does not have jurisdiction over this appeal, because the trial court's order of September 14, 1984, was not a final judgment, and Uptown failed to perfect properly an interlocutory appeal as required by NMSA 1978, Civ.P.Rule 54 (Adv.Annot. July 1985).

■ An order striking a counterclaim has long been considered by New Mexico courts to be an interlocutory order and not a final judgment. *See Floyd v. Towndrow*, 48 N.M. 444, 152 P.2d 391 (1944). For purposes of appeal, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible. *Clancy v. Gooding*, 98 N.M. 252, 647 P.2d 885 (Ct.App.1982); *Johnson v. C & H Construction Co.*, 78 N.M. 423, 432 P.2d 267 (Ct.App.1967). When a court disposes of only one of several claims, it clearly has not determined all issues of law and fact presented by the case. *See Mock Homes, Inc. v. Wakely*, 82 N.M. 179, 477 P.2d 813 (1970) (judgment entered on cross-claims but not on plaintiff's complaint was not a final judgment from which an appeal would lie).

■ NMSA 1978, Civ.P.Rule 54 (Adv.Annot. July 1985) permits an appeal from an interlocutory, non-final order in a multiple claims action under certain circumstances. *Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 635 P.2d 1323 (Ct.App.1981). Rule 54(c)(1) provides in pertinent part:

[W]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay.

(At the time this action arose the applicable section was 54(b)(1) which is identical to the present 54(c)(1).) An interlocutory order in a multiple claims lawsuit is appealable under Rule 54 provided the trial court makes an express determination that "there is no just reason for delay." *Montoya v. Anaconda Mining Co.* The express determination of the trial court is commonly known as "certification." Absent certification by the trial court, the multiple claims are treated as a single judicial unit, and an adjudication of any less than all of the claims is not a final order. *Aetna Casualty & Surety Co. v. Miles*, 80 N.M. 237, 453 P.2d 757 (1969).

■ The present case involves a claim and counterclaim. A claim-counterclaim action is considered to involve more than one claim for relief. 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* § 54.35[1] (2d ed. 1985); *Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956). Thus, Rule 54(c)(1) is applicable. The order dismissing the counterclaim in this case did not contain an express determination that there was no reason for delay. In the absence of certification by the trial court, the order is not final and the present appeal is premature. *See Central-Southwest Dairy Cooperative v. American Bank of Commerce*, 78 N.M. 464, 432 P.2d 820 (1967). This Court, therefore, lacks jurisdiction to consider the appeal. *See Carpenter v. Merrett*, 82 N.M. 185, 477 P.2d 819 (1970). The appeal is dismissed.

IT IS SO ORDERED.

RIORDAN, J., and SOSA, Senior Justice, concur.