This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOHN E. WHITE,**

    Plaintiff-Appellant,

**v.**                                                                 **NO. 29,877**

**MONARCH PROPERTIES,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

John E. White
Rio Rancho, NM

Pro Se Appellant

Moses, Dunn, Farmer & Tuthill P.C.
Ronald A. Tucker
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Plaintiff appeals from the district court's order granting partial summary judgment in favor of Defendant. The district court's order granting partial summary judgment dismissed all of Plaintiff's claims against Defendant with the exception of his claims for slander and defamation. [RP 123-24] We issued a calendar notice proposing summary dismissal on the basis that a final order has not been entered in this case. Plaintiff filed a timely memorandum in opposition which we have duly considered. Remaining unpersuaded, we dismiss this appeal for lack of a final order.

In general, the right to appeal is restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102 v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). In light of the procedural posture below, which indicates that the litigation among the parties is ongoing, it appears that the order granting partial summary judgment is not final. *See Gates v. N.M. Taxation & Revenue Dept.*, 2008-NMCA-023, ¶ 8, 143 N.M. 446, 176 P.3d 1178 (stating that, generally, orders granting partial summary judgment are not final appealable orders when other claims are left unresolved).

The only way the order presently under consideration could only be deemed final is if it falls within the parameters of Rule 1-054(B)(1) NMRA. This rule provides, "when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express

determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims shall not terminate the action as to any of the claims and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." *Id.*

In this case, the order granting partial summary judgment does not contain an express determination that there is no reason for delay or an express direction for entry of judgment. Accordingly, the order granting partial summary judgment cannot be classified as a final order within the parameters of Rule 1-054(B)(1). *See Aetna Cas. & Sur. Co. v. Miles*, 80 N.M. 237, 453 P.2d 757 (1969). Under the circumstances, interlocutory appeal may have provided the only means of obtaining prompt review of the district court's ruling. *See, e.g., Martinez v. Reid*, 2002-NMSC-015, ¶ 1, 132 N.M. 237, 46 P.3d 1237. However, Plaintiff has not petitioned for interlocutory appeal in this case. Nor could he have done so, insofar as the district court's order lacks the requisite certifying language. *See* NMSA 1978, § 39-3-4(A) (1999); Rule 12-203(A) NMRA. For these reasons, the district court's order does not appear to be immediately reviewable.

We note that Plaintiff also purports to appeal from an order dismissing his claim for breach of contract. [DS 1] Plaintiff asserts that the order was verbal in open court on September 10, 2009. [DS 1] However, based on our review of the record, no such

order has been entered. It appears that a jury trial occurred on September 9, 2009. [RP 131] However, at this point, there is no indication that a final judgment has been entered.

In his memorandum in opposition, Plaintiff does not dispute that the order from which he seeks to appeal is not a final order. Rather, he states that this Court has failed to consider that Judge McDonald improperly used a Conciliation Agreement between the parties and improperly allowed Defendants to use the agreement in their defense. [MIO 1] Plaintiff also states that he was not allowed to quote from the agreement to demonstrate its misuse. [MIO 1] However, this appears to go to the merits of the appeal, which, until a final order is entered in this case, is not properly before us. We therefore do not address these contentions.

For these reasons, we dismiss the appeal. We note that Plaintiff is free to refile the appeal once a final order is entered in this case. *See* Rule 12-201 NMRA (governing the time for filing an appeal).

**IT IS SO ORDERED**.

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**JONATHAN B. SUTIN, Judge**

4

**RODERICK T. KENNEDY, Judge**