607 P.2d 1150

**FOUNDATION RESERVE INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Juan A. ESQUIBEL, Edward Montoya, and Cora E. Montoya, and Edward Montoya, as father and next friend of Rodney Montoya, a minor, Defendants-Appellees.**

No. 12093.

Supreme Court of New Mexico.

Feb. 25, 1980.

Frank Bachicha, Jr., Santa Fe, for plaintiff-appellant.

Peggy J. Nelson, Taos, for Esquibel.

Jones, Gallegos, Snead & Wertheim, Arthur L. Jaramillo, Santa Fe, for Montoya.

## OPINION

EASLEY, Justice.

Foundation Reserve Insurance Company (Foundation) sued for a declaratory judgment and return of money paid under an automobile insurance policy issued to Esquibel. The trial court held that Foundation was liable under the policy, but ordered Esquibel to return a portion of the money he received. We affirm.

This is a matter of first impression in New Mexico regarding the standard for voiding an insurance policy based on a material breach by the insured. Is a substantial and material breach of the insurance contract by the insured sufficient to void his policy, or must the insuror also demonstrate actual prejudice to the insuror resulting from the breach?

In October 1974, Esquibel ran into the rear of the Montoyas' automobile. Esquibel fled the scene of the accident and later filed a theft report and collision claim with Foundation. Foundation paid $1,580.61 on Esquibel's policy for the repair of his car. This amount included the $635.53 that the trial court ordered Esquibel to return to Foundation, an amount not otherwise payable under a truthfully reported collision claim because it was for engine damage caused by overheating.

Esquibel was arrested in early January 1975, pursuant to a warrant for reckless driving, leaving the scene of the accident,

and failure to report an accident. In the middle of January 1975, the Montoyas notified Foundation of their claim for personal injuries and other damages against Esquibel. Although Esquibel gave Foundation no help in arriving at the true picture of the accident or the extent of the Montoyas' damages, by early February 1975 Foundation had the policy report, the Montoyas' written version of the accident and the report from its investigator.

Foundation denied the Montoyas' claim on the basis that Esquibel's policy was void because Esquibel breached the notice, the cooperation and the concealment fraud provisions of the policy. These provisions provide that the policy would be voided if the insured failed to notify Foundation of an accident, failed to cooperate in defending or settling a claim, or wilfully concealed material facts concerning a claim.

In July 1975, the Montoyas filed a tort action against Esquibel. In December 1975, Foundation filed its declaratory judgment action. The Montoyas' action has been held in abeyance until the outcome of this suit. Not until May 1978 was trial had on Foundation's suit. As it is, the Montoyas may not receive any money for their injuries and damages until six years after the accident, an unconscionable delay which we condemn.

The trial court held that Foundation could not deny coverage under the policy because it suffered no substantial prejudice as a result of Esquibel's conduct. It is undisputed that Esquibel breached the conditions of the policy. Foundation claims not only did Esquibel breach the policy in some material respects, but also that it was substantially prejudiced in its investigation, handling, and presentation of possible defenses to the claims of the Montoyas.

We inquire whether the trial court was correct in establishing the standard that, even though there may be a material breach of the insurance contract by the insured, the insuror must prove it suffered substantial prejudice before the contract will be voided. Foundation asserts that the correct standard is one which calls for cancellation of the contract when a material breach has been established, without regard to the presence or absence of prejudice. If the trial court was correct as to the standard to be utilized, we must then determine if there is substantial evidence to support the trial court's finding that Foundation was not substantially prejudiced by Esquibel's breach of the policy.

The only New Mexico case we found dealing with similar issues is *Chronister v. State Farm Mutual Automobile Ins. Co.,* 67 N.M. 170, 353 P.2d 1059 (1960). *Chronister* involved a garnishment proceeding in which the plaintiff had obtained a declaratory judgment against the insured in a personal injury case and had a writ of garnishment issued against the insured and the insuror. The insuror sought to be relieved of its obligation under the automobile insurance policy, alleging that the insured failed to cooperate in the defense of the case and that this rendered the policy void.

Although this Court in *Chronister* did not differentiate between the two standards employed by other jurisdictions in determining whether an insurance policy is void, this Court hinted at both of them. The Court held that to constitute a breach of a cooperation clause by the insured, there must be a lack of cooperation in some substantial and material respect. *Id.* at 176, 353 P.2d at 1063. But it was not held that a material breach was the standard to be applied in New Mexico; this Court merely stated that the facts in *Chronister* were insufficient to sustain a finding that the insured had failed to cooperate. Because other witnesses to the accident were available, the insured's absence from the state did not require this Court to say that the insuror was thereby "incapable of conducting its defense, or that it was *prejudiced* by (the insured's) absence." (Emphasis added.) *Id.* at 176, 353 P.2d at 1063.

The threshold issue is whether Esquibel's breach of policy provisions is a substantial and material one. We hold that Esquibel's conduct gave rise to a substantial and material breach of the policy here in question.

The next question is whether we require that Foundation demonstrate substantial prejudice as a result of this material breach.

The weight of authority and the trend nationally is to adopt the standard of substantial prejudice to the insuror. Recent decisions hold that this prejudice may be advanced as an affirmative defense to claims by the insured or third parties, with the burden of proof resting on the insurance company. *See Chronister v. State Farm Mutual Automobile Ins. Co., supra; M.F.A. Mut. Ins. Co. v. Cheek*, 66 Ill.2d 492, 6 Ill.Dec. 862, 363 N.E.2d 809 (1977); *MFA Mutual Insurance Company v. Sailors*, 180 Neb. 201, 141 N.W.2d 846 (1966); *Oregon Auto. Ins. Co. v. Salzberg*, 85 Wash.2d 372, 535 P.2d 816 (1975).

We hold this standard to be applicable in New Mexico as well. The risk-spreading theory of liability "should operate to afford to affected members of the public—frequently innocent third persons—the maximum protection possible consonant with fairness to the insuror." *Oregon Auto. Ins. Co. v. Salzberg, supra* at 376–7, 535 P.2d at 819. If we were to hold otherwise, a "windfall for the insurer at the expense of the public" would result. *Id.* at 377, 535 P.2d at 819.

We hold that the insuror must demonstrate substantial prejudice as a result of a material breach of the insurance policy by the insured before it will be relieved of its obligations under a policy. Substantial evidence supports the trial court's finding that Foundation was not substantially prejudiced by Esquibel's breach. Because we hold that Foundation is liable under the policy, it was proper for the trial court to order Esquibel to return only that portion of the money which was not properly payable under this collision claim.

We affirm the trial court.

IT IS SO ORDERED.

FEDERICI, J., and GENE E. FRANCHINI, District Judge, concur.