738 P.2d 516
**Elaine Eichwald LEE, Personal Representative of Richard L. Lee, Deceased, Plaintiff-Appellant,**

v.

**GENERAL ACCIDENT INSURANCE COMPANY, Defendant-Appellee,**

**Charles Wesley Brown, Involuntary Plaintiff.**

**No. 16867.**

Supreme Court of New Mexico.

June 1, 1987.

Faurot & Titus, Jay L. Faurot, Farmington, Winston Roberts-Hohl, Santa Fe, for plaintiff-appellant.

Byron Caton, Tansey, Rosebrough, Roberts & Gerding, P.C. Farmington, for defendant-appellee.

## OPINION

WALTERS, Justice.

On May 1, 1982, Charles W. Brown, while driving intoxicated, had an automobile accident that resulted in the death of Richard L. Lee. Vonda Mead, a minor, and Allen and Nadine Mead, Vonda's parents, were the title owners of the car which Brown was driving at the time of the accident. The Meads had been issued a liability insurance policy by General Accident Insurance Company (General) which covered the automobile Brown was driving.

Elaine Eichwald Lee, personal representative of the estate of Richard L. Lee, sued in a declaratory judgment action to determine whether General had a duty to defend Brown, and whether Brown was covered under the automobile policy issued by General. The trial court entered a judgment in favor of General. Lee appeals. We affirm the trial court.

On appeal Lee challenges the trial court's findings that Vonda Mead was not an owner of the automobile, and that Brown did not have a reasonable belief that he had permission to drive the automobile.

We agree with Lee that the trial court erred in finding that Vonda Mead was not an owner of the automobile. The certificate of title was not introduced into evidence by either party; however, it was undisputed that title to the automobile was in Allen, Nadine, and Vonda Mead's names. Although Vonda Mead was a minor, the fact that she was a record owner of the automobile is prima facie evidence of her co-ownership of the automobile. NMSA 1978, § 66–3–12 (Repl.Pamp.1984). Evidence contrary to the record title could have been introduced to show that Allen and Nadine Mead were the "true owners" of the automobile, if that was a fact, *see*

*Western States Collection Co. v. Marable,* 78 N.M. 731, 437 P.2d 1000 (1968); but that evidence is absent from the record.

 The trial court erred in finding that Vonda Mead was not a co-owner of the automobile; this error, however, does not affect the trial court's judgment because there is substantial evidence supporting the trial court's finding that Brown did not have a reasonable belief that he had permission to drive the automobile.

Under the insurance policy issued by General, it agrees to pay for damages for "bodily injury or property damage for which any covered person becomes legally responsible." The policy defines a "covered person" as "any person using [the] auto[mobile]." Excluded from coverage is any person "using a vehicle without a reasonable belief that [he] * * * is entitled to do so."

The trial court found that "[a]t the time of Charles Wesley Brown's collision with the vehicle driven by Richard Lee, he did not have a reasonable belief that he had permission to drive the Mustang."

The evidence in support of this finding was that Nadine Mead had told Brown he was to never drive the automobile. There was further evidence that immediately prior to the accident, Vonda Mead told Brown he was not supposed to drive her car, and that he hit her in the jaw and took the keys. Vonda did not retrieve her keys from Brown because she was afraid of him. Based on this evidence, the trial court found that Brown did not have a reasonable belief that he had permission to drive the automobile.

Lee, citing *Foundation Reserve Ins. Co. v. Esquibel,* 94 N.M. 132, 607 P.2d 1150 (1980), urges this Court to overlook the substantial evidence in support of the trial court's finding, and to hold that public policy to afford protection to the innocent public "would * * * mandate a reversal." The legislature, to foster the public policy of affording protection to the innocent public, created compulsory uninsured motorist coverage. *See* NMSA 1978, § 66–5–301 (Repl. Pamp.1984). *See also Sandoval v. Valdez,* 91 N.M. 705, 580 P.2d 131 (Ct.App.1978). Lee had the option of rejecting this coverage, or protecting his estate against a financially irresponsible motorist. *See id.* We cannot ignore the coverage conditions of the Meads' insurer to provide protection that Lee himself could have obtained.

On appeal, we indulge all reasonable inferences in support of the verdict. *Clovis Nat'l Bank v. Harmon,* 102 N.M. 166, 692 P.2d 1315 (1984). Moreover, we will not weigh evidence, or disturb a finding of fact which is supported by substantial evidence. *State ex rel. Goodmans Office Furnishings, Inc. v. Page & Wirtz Const. Co.,* 102 N.M. 22, 690 P.2d 1016 (1984).

The record contains substantial evidence to support the trial court's finding that Brown lacked a reasonable belief in any permission to drive Vonda's car. Consequently, the trial court's judgment is AFFIRMED.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.