No. 96-130

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

BETH SORENSEN and MARK SORENSEN,

    Plaintiffs and Appellants,

v.

FARMERS INSURANCE EXCHANGE,

    Defendant and Respondent.

FILED

NOV 20 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Daniel W. Hileman (argued), Murray & Kaufman,
Kalispell, Montana

    For Respondent:

        Shelton C. Williams (argued) and Susan Moriarity
Miltko, Williams & Ranney, P.C., Missoula, Montana

    For Amicus Curiae:

        Peter L. Helland, Edmiston Law Firm, Billings,
Montana (for Montana Trial Lawyers Association)

Heard and Submitted:  September 12, 1996

Decided:  November 20, 1996

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Beth Sorensen was injured in a two-vehicle accident. The Eleventh Judicial District Court, Flathead County, ruled that because she and her husband Mark settled with the liability carrier for the driver of the other vehicle, they were precluded from seeking, in this action, underinsured motorist coverage from their own insurance carrier. We reverse and remand for further proceedings consistent with this Opinion.

We here determine that the District Court erred in ruling that the Sorensens may not recover an underinsured motorist claim after releasing the tortfeasor without their insurer's permission.

On November 21, 1991, Beth Sorensen's vehicle was struck by a vehicle driven by Cynthia Lynn Ryan. Sorensen alleges permanent disability as a result of injuries sustained in the collision. As a result of her injuries, Sorensen has claimed medical expenses of at least $52,974.06. Additionally, a vocational rehabilitation counselor has estimated her loss of earnings at $803,495.46.

Ryan held liability insurance with State Farm Mutual Automobile Insurance Company with a limit of $50,000. After investigating Ryan's assets or, more precisely, the lack thereof, Sorensen's attorney advised her to accept Ryan's $50,000 policy limit from State Farm. Beth and Mark Sorensen executed a written release of Cynthia Ryan, her ex-husband Patrick H. Ryan, and State Farm from any further liability.

The Sorensens then brought this action against their own insurer, Farmers Insurance Exchange, seeking to recover underin-

2

sured motorist coverage under their own motor vehicle insurance. In answering the complaint, Farmers alleged that because the Sorensens had settled with Ryan's liability carrier, State Farm, and executed a release, they were precluded from seeking underinsured motorist coverage from Farmers.

Farmers moved for summary judgment, which motion was granted. The District Court reasoned that when an insured has destroyed her insurer's right of subrogation, the insured is barred from a claim against the insurer. The court relied on this Court's opinion in Nimmick v. State Farm Mut. Auto. Ins. Co. (1995), 270 Mont. 315, 891 P.2d 1154. The Sorensens appeal.

Did the District Court err in ruling that the Sorensens may not recover an underinsured motorist claim after releasing the tortfeasor without their insurer's permission?

Our standard of review on summary judgment is the same as that used by the district court--whether material issues of fact exist and whether the moving party is entitled to judgment as a matter of law. McCracken v. City of Chinook (1990), 242 Mont. 21, 24, 788 P.2d 892, 894; Rule 56(c), M.R.Civ.P. In this case, the material facts are undisputed. We therefore limit our review to the correctness of the trial court's legal conclusion.

The Sorensens' Farmers insurance policies provided that:

In the event of any payment under this policy, we are entitled to all the rights of recovery of the person to whom payment was made against another. That person must sign and deliver to us any legal papers relating to that recovery, do whatever else is necessary to help us

3

exercise those rights and do nothing after loss to prejudice our rights.

Farmers argues, and the District Court ruled, that Farmers is not liable to pay the Sorensens under the underinsured motorist clause because they failed to notify Farmers before they released State Farm and the Ryans from further liability. Farmers maintains that by destroying its subrogation rights, the Sorensens breached the insurance contract.

In making its argument, Farmers relies on this Court's opinion in Nimmick. Nimmick was injured as a passenger in a one-vehicle accident. She brought suit against her insurer, State Farm, to recover damages under the uninsured motorist provision of her insurance policy. She subsequently entered a settlement agreement with Employers Mutual, the insurer for the owner of the vehicle in which she was injured. In her suit against State Farm, Nimmick alleged that because the unauthorized driver of the vehicle was not covered under the Employers Mutual policy, she was entitled to uninsured motorist coverage under her own insurance.

After examining the language of the settlement agreement signed by Nimmick and Employers Mutual and its underlying effect as a whole, this Court concluded that the settlement was made on behalf of the driver of the vehicle, as well as the owner and other passengers, as the agreement expressly stated. Therefore, we concluded, the driver was no longer an uninsured motorist under the State Farm policy. Nimmick, 891 P.2d at 1159.

The issue in Nimmick concerned uninsured motorist coverage, whereas the present case involves underinsured motorist coverage.

4

Farmers maintains that this distinction is insignificant and that Montana courts generally treat uninsured and underinsured motorist coverage similarly, citing Bennett v. State Farm Mut. Auto. Ins. Co. (1993), 261 Mont. 386, 862 P.2d 1146.

Farmers focuses on the subrogation analysis in Nimmick. It argues that but for the destruction of the insurer's subrogation rights, the tortfeasor in Nimmick would still have been uninsured, and coverage would apply. Farmers reasons that here, because Sorensen has destroyed its subrogation rights, coverage does not apply.

The dispositive issue in Nimmick was whether an uninsured motorist was still involved after the settlement. A settlement between an underinsured motorist like Ryan and an injured person like Sorensen does not necessarily eliminate the underinsured status, as did the insurance settlement for the motorist's uninsured status in Nimmick. Here, Ryan's underinsured status would be eliminated only if the insurance settlement covered all damages. Such is not the case on the record here. We conclude that the distinction between uninsured motorist coverage and underinsured motorist coverage is significant for purposes of the issue here presented.

Even where a right to subrogation exists, many courts have recognized that if the insurer is unable to demonstrate prejudice to itself as a result of an unapproved settlement, the insured is not barred from collecting on the insurance policy. See, e.g., Thompson v. American States Ins. Co. (M.D. Ala. 1988), 687 F.Supp.

5

559; Rafferty v. Progressive American Ins. Co. (Fla. Dist. Ct. App. 1990), 558 So.2d 432; Mulholland v. State Farm Mut. Auto. Ins. Co. (Ill. App. Ct. 1988), 527 N.E.2d 29; Kapadia v. Preferred Risk Mut. Ins. Co. (Iowa 1988), 418 N.W.2d 848; Lumbermens Mut. Cas. Co. v. Mercurio (Mass. App. Ct. 1989), 535 N.E.2d 234; Tegtmeyer v. Snellen (Mo. Ct. App. 1990), 791 S.W.2d 737; Branch v. Travelers Indem. Co. (N.C. Ct. App. 1988), 367 S.E.2d 369, aff'd 378 S.E.2d 748 (1989); Federated Service Ins. Co. v. Granados (Or. 1995), 889 P.2d 1312; Prudential Property & Cas. Ins. Co. v. Nayerahamadi (E.D. Pa. 1984), 593 F.Supp. 216; Thiringer v. American Motors Ins. Co. (Wash. 1978), 588 P.2d 191.

In his concurrence to Nimmick, Justice Leaphart urged that Montana adopt such a "no prejudice" rule. He explained that under a "no prejudice" rule, a settlement with a tortfeasor would not release an insurer if the plaintiff could show that the tortfeasor was judgment proof and thus there was no prejudice to the insurer.

As applied to a case involving underinsured motorist coverage, a "no prejudice" rule states that absent some showing of material prejudice to the underinsurance carrier, a claim for underinsured motorist coverage may not be precluded on a technicality. The "no prejudice" rule has been explained as follows:

> The loss of an insurer's subrogation right may not be significant. In many instances, pursuit of any recovery from an insured tortfeasor beyond the available liability insurance would be fruitless. . . . "[A] technical and illusory 'loss' of this kind cannot result in the forfeiture of insurance coverage." Such decisions establish, either implicitly or explicitly, a requirement that an insurer must be prejudiced as a result of a settlement with a tortfeasor or tortfeasor's insurer that

6

is entered into without the consent of the insurer providing underinsured motorist insurance. . . .

There is now a significant body of judicial precedents for the proposition that in order to justify foreclosing an insured's right to indemnification from an otherwise applicable underinsured motorist insurance coverage, an insurer must show that it was prejudiced by the settlement of the tort claim.

3 Alan I. Widiss, Insured and Underinsured Motorist Insurance § 43.5, at 347 (1995), quoting Southeastern Fidelity Insurance Company v. Earnest (Fla. Dist. Ct. App. 1981), 395 So.2d 230, 231.

We favor this approach as a matter of public policy. The purpose of underinsured motorist insurance is to provide a source of indemnification for accident victims when the tortfeasor does not provide adequate indemnification. State Farm v. Estate of Braun (1990), 243 Mont. 125, 130, 793 P.2d 253, 256. Denying accident victims indemnification based upon their action which can have no effect on the insurer's ability to subrogate will not further the purpose of underinsured motorist coverage.

As to the burden of proof:

Most of the judicial decisions in which courts have sustained the view that a failure to secure an insurer's consent to a settlement only justifies a loss of underinsured motorist insurance benefits when the insurer was prejudiced, seem to require the insurer to show that the unauthorized settlement adversely affected its interests. There are several rationales for this approach. First, the insurer is in the best position both to assess whether it has been prejudiced and to then produce evidence for the court that is relevant to an adjudication. Second, in effect, it recognizes the difficulty of requiring a claimant to attempt to prove the "negative fact" that the insurer was not prejudiced. Finally, if no clear proof is available, such an allocation serves to avoid a forfeiture of coverage.

7

Widiss, § 43.5 at 349. The "no prejudice" rule places the burden on the insurer which has collected premiums, rather than on an injured claimant, to show that the insurer's subrogation claim has potential value.

We hold that henceforth in Montana, to justify foreclosing an insured's right to indemnification from an otherwise applicable underinsured motorist insurance coverage, an insurer must establish that it was prejudiced by settlement of the claim by the insured.

In the present case, the issue of the potential value of Farmers' subrogation claim was briefed and argued in relation to the summary judgment motion. The Sorensens submitted an affidavit by a private investigator who had conducted a social security search on Cynthia Ryan. The investigator stated that the search indicated that she had lived in six different locations and that her current address was unknown. Beth Sorensen filed an affidavit in which she stated that her attorney had advised her that Ryan was essentially unemployed, had no assets, and was "judgment proof." Farmers refers in its brief to deposition testimony by the Sorensens that Cynthia Ryan's ex-husband had a job, a car, and a trailer house. Whatever value that testimony may have in establishing that Cynthia Ryan had assets, the depositions to which Farmers refers are not in the record. We hold that Farmers failed to meet its burden of proving that it was prejudiced by the settlement entered by the Sorensens.

We therefore reverse the decision of the District Court and remand for further proceedings consistent with this Opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

November 20, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Daniel W. Hileman, Esq.
Murray & Kaufman, P.C.
P.O. Box 728
Kalispell, MT 59903-0728

Shelton C. Williams & Susan Moriarity Miltko, Esq.
Williams & Ranney, P.C.
P.O. Box 9440
Missoula, MT 59807

Peter L. Helland
Edmiston Law Firm
P.O. Box 7187
Billings, MT 59103-7187

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy