2005-NMSC-010

110 P.3d 491

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Russell FENNEMA, Defendant–Appellant.**

No. 28,626.

Supreme Court of New Mexico.

March 28, 2005.

276

Collins Law Office, Robert Bruce Collins, Donald C. Clifford, Albuquerque, NM, for Appellant.

Guebert, Bruckner & Bootes, P.C., Donald G. Bruckner, Jr., Albuquerque, NM, Rowley Law Firm, P.C., Richard F. Rowley, III, Clovis, NM, for Appellee.

## OPINION

CHÁVEZ, Justice.

{1} Appellant Russell Fennema appeals a district court summary judgment in favor of State Farm Mutual Automobile Insurance Company[1]. The district court held that State Farm was not liable for underinsured motorist benefits to Fennema because Fennema breached a contract provision requiring Fennema to obtain the written consent of State Farm before settling his claim with the tortfeasor and her insurance carrier (consent-to-settle provision). Fennema argues

1. We accepted certification from the Court of Appeals pursuant to NMSA 1978, § 34–5–14(C)

that despite his breach of contract, recent developments in New Mexico insurance law require State Farm to show that it was substantially prejudiced by the breach before it can escape liability.

{2} For the first time we consider whether an insurance company must demonstrate substantial prejudice from the breach of a consent-to-settle provision before it can be relieved from paying underinsured motorist benefits. We answer this question in the affirmative. Consistent with the approach outlined in *Roberts Oil Co. v. Transamerica Ins. Co.*, 113 N.M. 745, 833 P.2d 222 (1992), we hold that for an insurer to justify foreclosing an insured's right to underinsured motorist benefits, the insurer must demonstrate it was substantially prejudiced by the insured's breach of the consent-to-settle provision. Although the insurer has the ultimate burden of persuasion, proof that the insured breached the consent-to-settle provision creates a presumption of substantial prejudice. *See id.* at 755, 833 P.2d at 232. In this case no genuine issues of material fact exist and State Farm is still entitled to summary judgment because Fennema did not offer evidence that could meet or rebut the presumption of substantial prejudice.

### Facts

{3} Defendant Moses (tortfeasor) negligently struck the rear of the vehicle driven by Fennema, causing serious injuries to Fennema. The tortfeasor had a $25,000 liability policy. Fennema paid premiums for three $25,000 uninsured/underinsured motorist policies issued by State Farm. The parties seem to agree that these policies could be stacked, affording Fennema $75,000 in uninsured/underinsured motorist coverage. Assuming tortfeasor's negligence proximately caused at least $75,000 in damages to Fennema, Fennema would be entitled to $50,000 from State Farm for underinsured motorist benefits having already collected $25,000 directly from the tortfeasor's insurer.

{4} However, the consent-to-settle provision in the State Farm policy denies unin-

(1972) because we believe the issue before us is one of substantial public interest.

sured/underinsured motorist coverage "for any *insured* who, without [State Farm's] written consent, settles with any *person* or organization who may be liable for the *bodily injury* or *property damage*." (Emphasis added.) Fennema settled with the tortfeasor, accepting $25,000 from the tortfeasor's insurer and as consideration gave a complete release of liability to the tortfeasor and her insurer. Fennema admits he breached the consent-to-settle provision of the policy because he did not obtain the written consent of State Farm to settle his claim against the tortfeasor.

### Insurer Must Demonstrate Substantial Prejudice from Breach of Consent–to–Settle Provision

{5} In 1965 this Court held it was "well established" that if an insured, without the knowledge of his insurer, effectively releases a wrongdoer from liability, the insured destroys any right of subrogation the insurer may have against the wrongdoer and is, thereafter, precluded from recovering from his insurer. *Armijo v. Foundation Reserve Ins. Co.*, 75 N.M. 592, 596, 408 P.2d 750, 752 (1965). This principle of law was applied to underinsured motorist claims in *March v. Mountain States Mutual Casualty Co.*, 101 N.M. 689, 687 P.2d 1040 (1984) (upholding a consent-to-settle provision in an underinsured motorist policy, and holding an insured's breach of such a provision precluded the insured from collecting underinsured motorist benefits). However, we subsequently held in *Roberts Oil* that when the insured breached a "voluntary payment" provision in the policy, the insurer was required to show "substantial prejudice" before voiding the policy. 113 N.M. 745, 833 P.2d 222 (clarifying for the first time that the substantial evidence rule could apply to claims involving injury to an insured rather than simply innocent third parties). The court of appeals, in *Eldin v. Farmers Alliance Mut. Co.*, 119 N.M. 370, 890 P.2d 823 (Ct.App.1994), extended the substantial prejudice rule in *Roberts Oil* to cover an insured's breach of misrepresentation and concealment provisions.

{6} Fennema argues that the court of appeals' adoption of the substantial prejudice rule in *Eldin* requires that *March* be modified or overruled. While we disagree that *March* must be overruled, we do agree it must be modified. In *March*, we considered the limited question of whether a consent-to-settle provision in an underinsurance policy was valid and enforceable. *See March*, 101 N.M. at 690, 687 P.2d at 1041. Although both *Roberts Oil* and *Eldin* contained broad discussions of contract law and public policy that are certainly relevant to the consent-to-settle provisions at issue here and in *March*, neither case mentioned *March* or questioned its holding. Thus, we believe the basic holding of *March* is still good law, although we modify its holding in light of the adoption of the substantial prejudice rule in both *Roberts Oil* and *Eldin*.

{7} The substantial prejudice rule provides that an insurer "must demonstrate substantial prejudice as a result of a material breach of the insurance policy by the insured before it will be relieved of its obligations under a policy." *Foundation Reserve Ins. Co. v. Esquibel*, 94 N.M. 132, 134, 607 P.2d 1150, 1152 (1980). The rationale for the rule is that failure by an insurer to show substantial prejudice by an insured's breach will frustrate the insured's reasonable expectation that coverage will not be denied arbitrarily. *Roberts Oil*, 113 N.M. at 751–52, 833 P.2d at 228–29. "[T]he rule implements a fundamental characteristic of all, or nearly all, insurance contracts-namely, the essential nature of the contract as a promise by the insurer to indemnify and defend the insured against certain risks, in exchange for the insured's payment of the premium." *Id.* at 751, 833 P.2d at 228. Although an insurer must demonstrate substantial prejudice, a presumption of substantial prejudice arises upon proof of a breach of a policy provision. *Id.* at 755, 833 P.2d at 232. The ultimate issue of substantial prejudice is, in most cases, a question for a jury. *Eldin*, 119 N.M. at 375, 890 P.2d at 828.

{8} We believe it is consistent with the purpose of our uninsured motorist statute to require a showing of substantial prejudice before allowing an insurer to void an underinsured motorist policy when an insured breaches a consent-to-settle provision. The

uninsured motorist statute was intended to expand insurance coverage to protect an insured against financially irresponsible motorists, thereby indemnifying the insured when the tortfeasor fails to do so. *Romero v. Dairyland,* 111 N.M. 154, 156, 803 P.2d 243, 245 (1990); *see Sorensen v. Farmers Ins. Exch.,* 279 Mont. 291, 927 P.2d 1002, 1005 (1996). This is accomplished by assuring that, in the event of an accident with an underinsured motorist, an insured motorist will receive at least the sum certain in underinsurance coverage purchased for his or her benefit. *See Fasulo v. State Farm Mut. Auto. Ins.,* 108 N.M. 807, 811, 780 P.2d 633, 637 (1989).

{9} On the other hand, the purpose of a consent-to-settle provision is to allow the insurer an opportunity to protect its subrogation interest. *March,* 101 N.M. at 692, 687 P.2d at 1043. Consent-to-settle provisions also protect insurers from collusion between an insured and a tortfeasor. *Roberts Oil,* 113 N.M. at 752, 833 P.2d at 229 (internal citation omitted). The insurer determines how to best protect this interest by investigating the merits of the liability case against the tortfeasor, the extent of damages suffered by its insured, the estimated expense of litigating against the tortfeasor and whether the tortfeasor has sufficient assets to give the insurer a realistic possibility of collecting a judgment against the tortfeasor. If the insurer elects to withhold consent to settle, it may tender the amount of the tortfeasor's liability coverage that was offered to its insured. *See* 18 A.L.R.4th 249, § 11 (supp.2004) (citing *Lambert v. State Farm Mut. Auto. Ins. Co.,* 576 So.2d 160 (Ala.1991)). This allows the insurer to preserve its subrogated interest while placing its insured in the same position he or she would have been in, had the insured been authorized to settle with the tortfeasor.

{10} In reconciling these two policy concerns, it would be inconsistent with the purpose of the underinsured motorist statute to deny an insured indemnification when the insured's breach of a consent-to-settle provision has no real effect on the insurer's ability to recover from an insolvent tortfeasor through subrogation. *See Sorensen v.* *Farmers Ins. Exch.,* 927 P.2d at 1005. Rather, requiring an insurer to demonstrate substantial prejudice strikes a proper balance between protecting the insurer's subrogation interest and avoiding forfeiture of an insured's coverage when an insurer has not been injured. *See State Farm Mut. Auto. Ins. Co. v. Green,* 89 P.3d 97, 104 (Utah 2003). To hold otherwise would frustrate a consumer's reasonable expectation that coverage will not be denied arbitrarily. *See Roberts Oil,* 113 N.M. at 752, 833 P.2d at 229.

{11} Our holding today is consistent with the approach increasingly used in New Mexico as well as nationally. Our courts have applied the substantial prejudice rule to cooperation provisions, voluntary payment provisions, and misrepresentation and concealment provisions. *See Foundation Reserve Ins. Co. v. Esquibel,* 94 N.M. 132, 607 P.2d 1150; *Roberts Oil,* 113 N.M. 745, 833 P.2d 222; *Eldin,* 119 N.M. 370, 890 P.2d 823. We see no reason not to apply the rule to consent-to-settle provisions as well, which embody similar policy concerns of avoiding prejudice to the insured's right to protect its contractual interests. *See Roberts Oil,* 113 N.M. at 752, 833 P.2d at 229 (analogizing the policy concerns of cooperation provisions and voluntary payment provisions). In addition, growing numbers of jurisdictions apply the substantial prejudice rule to consent-to-settle provisions. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Green,* 89 P.3d at 103–04; *Ferrando v. Auto–Owners Mut. Ins. Co.,* 98 Ohio St.3d 186, 781 N.E.2d 927, 945–47 (2002); *Taylor v. Gov't Employees Ins. Co.,* 90 Hawai'i 302, 978 P.2d 740, 748–49 (1999); *Greenvall v. Maine Mut. Fire Ins. Co.,* 715 A.2d 949, 954 (Me.1998); *Sorensen v. Farmers Ins. Exch.,* 927 P.2d at 1005; *see also* 3 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance* § 43.5 (2d ed. 1998) ("There is now a significant body of judicial precedents for the proposition that in order to justify foreclosing an insured's right to indemnification from an otherwise applicable underinsured motorist insurance coverage, an insurer must show that it was prejudiced by the settlement of the tort claim."). Requiring an insurer to establish substantial prejudice protects the "fundamental characteristic" of insurance contracts, the indemni-

fication of the insured in exchange for the payment of premiums. *Roberts Oil,* 113 N.M. at 751, 833 P.2d at 228.

{12} We do not believe that requiring an insurer to prove substantial prejudice in this context is an unreasonable burden. An insurer is subject to a common law and statutory duty of good faith. *See* NMSA 1978, § 59A–16–20(E) (1997); *Dairyland Ins. Co. v. Herman,* 1998–NMSC–005, ¶ 12, 124 N.M. 624, 954 P.2d 56. The insurer must act reasonably under the circumstances to investigate a claim and to evaluate whether to consent to a settlement between its insured and the tortfeasor. *See Sloan v. State Farm Mut. Auto. Ins. Co.,* 2004–NMSC–004, ¶¶ 3, 19, 135 N.M. 106, 85 P.3d 230. In light of its duty to make a timely and fair investigation, the insurer's decision of whether to pursue subrogation is made relatively quickly, despite the fact that a judgment in New Mexico is valid and enforceable for fourteen years. NMSA 1978, § 37–1–2 (1983). By requiring an insurer to show it will be substantially prejudiced by an insured's breach of a consent-to-settle provision, i.e., by demonstrating the tortfeasor was unlikely to be judgment-proof, we are not requiring an insurer to provide any more evidence than it would already have obtained through its ordinary investigation.

{13} Moreover, although the insurer shall have the ultimate burden of persuasion to demonstrate substantial prejudice, a presumption of substantial prejudice arises from proof that an insured has breached a consent-to-settle provision. *See Eldin,* 119 N.M. at 375, 890 P.2d at 828. That presumption permits the fact finder to infer that the insurer was in fact substantially prejudiced, although the presumption is rebuttable. *See Roberts Oil,* 113 N.M. at 756, 833 P.2d at 233. The presumption may be met or rebutted by the insured by presenting evidence that the insurer was not substantially prejudiced. *See, e.g., Rafferty v. Progressive American Insur. Co.,* 558 So.2d 432 (Fla.Dist.Ct.App. 1990); *Roberts Oil,* 113 N.M. at 756, 833 P.2d at 234. The insurer can attempt to meet its ultimate burden of persuasion by presenting evidence that the tortfeasor did have resources with which to pay a tort judgment.

{14} In this case, it is undisputed that Fennema breached the consent-to-settle provision of the policy. Therefore a presumption of substantial prejudice was created. Fennema attempted to meet or rebut the presumption by attaching answers to interrogatories that he obtained from the tortfeasor to his Brief in Opposition to the Motion for Summary Judgment. Viewed in a light most favorable to Fennema, *see Rummel v. St. Paul Surplus Lines Ins. Co.,* 1997–NMSC–042, ¶ 9, 123 N.M. 767, 945 P.2d 985, the tortfeasor's answers establish that at the time of answering the interrogatories, the tortfeasor was a graduate assistant at the University of New Mexico Psychology Department.

{15} Without more, this evidence does not, as a matter of law, meet or rebut the presumption of substantial prejudice. State Farm may have had a realistic possibility of recovering from the tortfeasor, who, as a graduate student in psychology, was likely to be gainfully employed in the near future. Judgments in New Mexico may be enforced in the state for fourteen years by, among other things, attaching real estate or garnishing wages. *See* NMSA 1978, §§ 39–4–1 through –3 (1953); § 37–1–2. Fennema failed to present any evidence to demonstrate that State Farm would be unlikely to collect from tortfeasor within this period as a matter of law.

{16} Although underinsured motorist benefits are designed to protect the insured against financially irresponsible motorists, enforcement of an insurer's subrogation right has the equally important policy objective of holding wrongdoers accountable for irresponsible conduct that results in injury. Underinsured motorist benefits are not for the benefit of the tortfeasor, and when there exists a realistic potential for the insurer to recover from the tortfeasor, courts must carefully preserve the right of subrogation and enforce consent-to-settle provisions.

## Conclusion

{17} We modify *March* to conform to the concerns in *Roberts Oil* and *Eldin.* An insurer must demonstrate it was substantially

prejudiced by an insured's breach of a consent-to-settle provision before avoiding liability for paying underinsured motorist benefits. Proof that the insured breached the consent-to-settle provision creates a presumption of substantial prejudice. Here, Fennema failed to meet or rebut this presumption. Consequently we affirm the summary judgment in State Farm's favor.

{18} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Justice, PAMELA B. MINZNER, PATRICIO M. SERNA, and PETRA JIMENEZ MAES, Justices.