**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY | No. 10-35057 |
| Plaintiff - Appellee, | D.C. No. CV-08-73-BU-RFC-JCL |
| v. | MEMORANDUM [*] |
| PROGRESSIVE CASUALTY INSURANCE COMPANY | |
| Defendant - Appellant, | |
| and | |
| DARRELL E. BOWMAN, PATROL HELICOPTERS, INC.; *et al*. | |
| Defendants. | |

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY | No. 10-35066 |
| Plaintiff - Appellant, | D.C. No. CV-08-73-BU-RFC-JCL |
| v. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

PROGRESSIVE CASUALTY
INSURANCE COMPANY, *et al.*

Defendant - Appellees.

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Court Judge, Presiding

Argued and Submitted December 7, 2010
Seattle, Washington

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and EZRA,[**] District Judge.

This case arises out of a fatal accident between a passenger vehicle and a fuel truck, owned and operated by Patrol Helicopters, Inc. ("Patrol") and insured by Progressive Casualty Insurance Company ("Progressive"). The truck was en route to refuel a helicopter owned by Patrol and insured by XL Specialty Insurance Company ("XL"). XL brought a declaratory judgment action in district court to determine whether its policy covered Patrol's liability on the underlying accident. Progressive and Patrol filed counterclaims seeking coverage under XL's policy.

---

[**] The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

All parties moved for summary judgment before Magistrate Judge Jeremiah C. Lynch.

The magistrate judge found that XL's policy covered the accident and XL was not prejudiced by any late notice given by Patrol. The magistrate judge also determined, however, that Progressive's counterclaim seeking coverage was, in effect, one for equitable contribution under Montana law and that the "selective tender rule" barred Progressive from seeking equitable contribution from XL. Chief District Court Judge Richard F. Cebull adopted the magistrate judge's Findings and Recommendations. All parties appealed. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The Montana Supreme Court has adopted a specific test to determine whether a policy provides coverage when the insurance contract states that coverage "arises out of" the ownership, maintenance or use of an instrumentality. Specifically, a court should consider whether the injury "originate[s] from, or grow[s] out of, or flow[s] from" the insured entity. *Wendell v. State Farm Mut. Auto. Ins. Co.*, 974 P.2d 623, 639 (Mont. 1999). According to the *Wendell* court, this test is satisfied if the insured instrument is "a prime accessory, without which the injury-producing incident or the severity of the injuries would not have occurred." *Id.* In adopting this test, the court "align[ed] [itself] with those

3

jurisdictions adopting an expansive . . . interpretation of the [arising out of] phrase." *Id.*

Here, XL's policy provided coverage for any accident "arising out of the ownership, maintenance or use of the aircraft." The fuel truck involved in the accident was en route to refuel the helicopter. Although not involved in the accident itself, the helicopter was "a prime accessory, without which the injury-producing incident" would not have occurred. *Id.* The injuries therefore originated from, grew out of, and flowed from the maintenance of the aircraft. *See id.* We consequently hold that the district court did not err in determining that there was coverage under the XL policy per Montana law. *Cf. Georgeson v. Fidelity & Guar. Ins. Co.*, 48 F. Supp. 2d 1262, 1267 (D. Mont. 1998) (finding coverage under a utility truck's "arising out of" insurance policy when another vehicle hit the truck and hooked a cable to which both the truck and the underlying claimant working on a telephone poll were attached); *Fire Ins. Exch. v. Tibi*, 51 F. Supp. 2d 1065 (D. Mont. 1995) (finding coverage under a vehicle's "arising out of" insurance policy when a firearm discharged while unloading the vehicle).

The district court also appropriately determined that XL was not prejudiced by late notice. Montana has adopted a "no prejudice" rule, which states that in the absence of "some showing of material prejudice to the underinsurance carrier, a

claim for underinsured motorist coverage may not be precluded on a technicality."

*Sorenson v. Farmers Ins. Exch.*, 927 P.2d 1002, 1004 (Mont. 1996); *see also Lee v. Great Divide Ins. Co.*, 182 P.3d 41, 45 (Mont. 2008); *Augustine v. Simonson*, 940 P.2d 116, 119–20 (Mont. 1997).[1]

XL was given notice of the accident four months before the underlying suit went to trial. XL has not, however, demonstrated it suffered any prejudice. Its argument that it could have convinced the underlying claimants to settle for less than Progressive's policy limit of one million dollars is without merit; as is the contention that it was denied a meaningful opportunity to participate in the defense at the underlying trial. This is especially so in light of the fact that it declined to participate in the defense and also received a significant amount of pre-trial discovery from Progressive and Patrol. *Cf. Lee*, 182 P.3d at 45 (finding prejudice based on an insurers showing that the "most significant information concerning this claim and suit was omitted from . . . [the] notice").

---

[1] Although *Sorenson* dealt with underinsurance coverage and the instant case deals with third party liability insurance, we agree with the district court that Montana courts would apply the *Sorenson* test here. *See In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990) ("[A] federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.").

The district court was also correct in determining that Progressive could not recover from Patrol. First, Progressive's counterclaim was, in effect, one for equitable contribution. Montana courts "look[] to the gravamen of the action rather than relying on the label given to the claim by the plaintiff." *N. Mont. Hosp. v. Knight*, 811 P.2d 1276, 1278 (Mont. 1991). Equitable contribution "permits an insurer, which has paid a claim, to seek contribution directly from other insurers who are liable for the same loss. . . . [I]t is applied in those cases where an insure[r] discharges a common obligation of another insure[r]." *Cas. Indem. Exch. Ins. Co. v. Liberty Nat'l Fire Ins. Co.*, 902 F. Supp. 1235, 1237, 1238 & n.3 (D. Mont. 1995); *see also Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 191 P.3d 866, 872 (Wash. 2008) ("In the context of insurance law, contribution allows an insurer to recover from another insurer where both are independently obligated to indemnify or defend the same loss.").

Given that Progressive's claim was one for equitable contribution, it was barred by the "selective tender rule." This rule states that for two insurers to have a common obligation "the insured, or someone on the insured's behalf, [must] tender[] the defense of an action potentially within the policy coverage." *Cas. Indem.*, 902 F. Supp. at 1238. In other words, "the obligation of an insurer to provide a defense is 'triggered' when the insured, or someone at the direction of

6

the insured, tenders the defense[.]" *Id.* at 1239 (citation omitted); *see also Mut. of Enumclaw*, 191 P.3d at 873 (defining the selective tender rule as the "rule [that] states that where an insured has not tendered a claim to an insurer, that insurer is excused from its duty to contribute to a settlement of the claim" (citing *Cas. Indem.*, 902 F. Supp. at 1239)).

There is insufficient evidence here to demonstrate that the claim had been tendered from Patrol to XL. At most, Patrol sent informal emails to XL requesting a determination of whether coverage existed under the XL policy. This does not rise to the level of an affirmative request for assistance, especially because Patrol had already tendered the claim to Progressive more than a year earlier. We therefore hold that the district court did not err in reaching this conclusion.

**AFFIRMED**.