CHIEF JUSTICE McGRATH
delivered the Opinion of the Court.
¶1 This matter comes to the Court pursuant to M. R. App. P. 15 on a question of Montana law certified by the United States Court of Appeals for the Ninth Circuit:
Whether, in a case involving a claim of damages by a third party, an insurer who does not receive timely notice according to the terms of an insurance policy must demonstrate prejudice from the lack of notice to avoid defense and indemnification of the insured.
This Court accepted the certified question by Order of July 8,2014, and the parties and several amid curiae have filed briefs.
¶2 We answer the question: yes.
BACKGROUND
¶3 According to facts supplied by the Court of Appeals, this case originally arose from a civil action filed in the Montana Third Judicial District Court. In March 2010 GTL filed suit against Greytak and Tanglewood (hereafter, Greytak) for non-payment of an obligation arising from a construction project. GTL was insured by Atlantic Casualty under a commercial general liability policy. In March 2010 Greytak sent a letter to GTL asserting that it had grounds for various counterclaims involving construction defects, and in November 2010 Greytak filed counterclaims against GTL in the state court action.
¶4 In April 2011 GTL and Greytak entered a settlement agreement that required GTL to notify Atlantic of Greytak’s counterclaims. GTL and Greytak also agreed that if Atlantic did not appear to defend the case and did not file a declaratory action on the coverage issue, GTL would allow judgment to be entered against it and in favor of Greytak for $624,685.14 plus costs. If Atlantic did appear to defend, Greytak *334 could pursue its claims to judgment; Greytak would look only to Atlantic for recovery; and Greytak would insure that GTL would have no responsibility for any resulting judgment. Finally, the agreement provided that if Atlantic filed a declaratory action, Greytak would defend with the purpose of establishing coverage for GTL. On May 23, 2011, GTL notified Atlantic of Greytak’s counterclaims. Greytak separately notified Atlantic of its counterclaims on August 5,2011.
¶5 On January 23, 2012, Atlantic sued GTL and Greytak in the United States District Court for the District of Montana, seeking a declaration that it was not required to defend GTL from Greytak’s counterclaims or to pay any judgment. GTL defaulted and is not participating in the case. Atlantic’s policy issued to GTL stated that the insured “must see to it that we are notified as soon as practicable of an ‘occurrence’ or an offense which may result in a claim... if a claim is made or ‘suit’ is brought against any insured, you must notify us as soon as practicable. You must see to it that we receive written notice of the claim or ‘suit’ as soon as practicable.” Atlantic sought a declaration that it was not required to provide coverage of Greytak’s counterclaims because GTL had not provided timely notice as required by the policy language.
¶6 The United States District Court granted Atlantic’s motion for summary judgment and denied Greytak’s motion for summary judgment. The District Court found that Atlantic did not have timely notice of Greytak’s claims against GTL and therefore was excused from providing coverage under the policy. The United States District Court found that Montana law did not require Atlantic to demonstrate that it was prejudiced by GTL’s failure to provide timely notice of Greytak’s counterclaims. Greytak appealed to the United States Court of Appeals for the Ninth Circuit.
DISCUSSION
¶7 In the declaratory judgment action, the United States District Court concluded that Atlantic had no duty to defend or indemnify GTL on Greytak’s claims because GTL’s notice of the claim to Atlantic was untimely. The District Court found that Atlantic’s Commercial General Liability policy was clear in its requirement that GTL provide timely (“as soon as practicable”) notice of the Greytak counterclaims. The District Court, relying on Steadele v. Colony Insurance, 2011 MT 208, 361 Mont. 459, 260 P.3d 145, concluded that compliance with the notice requirement in the insurance contract was a condition precedent to coverage, barring recovery under the policy unless the requirement is met or waived. Reviewing the facts, the District Court concluded *335 that Greytak’s April 30, 2010 demand letter to GTL triggered the notice requirement in the Atlantic policy, and that GTL’s notice to Atlantic almost a year later was not timely. The District Court, again relying upon Steadele, held that Montana law did not require Atlantic to show that it was prejudiced by GTL’s untimely notice, only that the notice was untimely.
¶8 The issue presented by the certified question is whether Montana law applies the “notice-prejudice” rule to the insurance policy that Atlantic issued to GTL; specifically, whether the policy provision requiring GTL to notify the insurer of a covered event “as soon as practicable” can be invoked to bar coverage without a consideration of whether a delay in notification caused prejudice to Atlantic.[1]
¶9 Several cases have considered the status of the notice-prejudice rule under Montana law. In State Farm Mutual Ins. Co. v. Murnion, 439 F.2d 945 (9th Cir. 1971), the Court considered an insurance policy that required notification of an occurrence as soon as practicable. Applying Montana law, the Court held that while notice requirements in an insurance policy are given effect and are a condition precedent to the insurer’s liability, the insured may provide proof of “timeliness of notice and excuse for delay” on the issue of whether the insurer is bound to provide coverage. In Sorensen v. Farmers Ins. Exch., 279 Mont. 291, 927 P.2d 1002 (1996), the issue was whether the insured’s settlement with a third party without notifying its insurer abrogated the insurer’s duty to provide coverage. This Court applied the “no prejudice” rule adopted in other states, holding that “absent some showing of material prejudice to the underinsurance carrier, a claim for underinsured motorist coverage may not be precluded on a technicality.” Sorenesen, 279 Mont, at 295, 927 P.2d at 1004. We applied the no prejudice rule as a matter of public policy, because denying coverage because of an action that can have no material effect on the insurer does not further the purpose of having insurance. Sorensen, 279 Mont. at 296, 927 P.2d at 1005, followed in Augustine v. Simonson, 283 Mont. 259, 264, 940 P.2d 116, 119 (1997). See also XL Specialty Ins. Co. v. Patrol Helicopters, Inc., 2009 U.S. Dist. Lexis 118475 (D. Mont.) (Montana, consistent with the law in the majority of jurisdictions, would require an insurer to show prejudice before avoiding liability based upon the insured’s failure to provide notice of a claim as soon as practicable); BNSF Railway v. Cringle, 2010 MT *336 290, 359 Mont. 20, 247 P.3d 706 (procedural time limits in statutes and regulations are subject to equitable application when a party fails to comply).
¶10 In Steadele this Court considered application of the notice-prejudice rule, but without expressly using that term in the analysis. In that case, homeowners sued a contractor over defects in their home and in December 2008 took a default judgment when the defendant failed to appear. Colony insured the defendant but never received notice of the controversy or the lawsuit until several months after judgment of $1.8 million had been entered against its insured. Colony denied the plaintiff homeowners’ demand to pay the default judgment because it had not received timely notice of the claim from its insured. The homeowners sued, and the district court granted summary judgment to Colony based upon the late notice. On appeal Colony argued that the failure to provide notice until after judgment was entered against its insured was a material breach of the insurance contract that caused Colony severe prejudice and therefore terminated its obligation under the policy.
¶11 This Court noted that exclusions from insurance coverage are to be narrowly and strictly construed because they are “contrary to the fundamental protective purpose of an insurance policy,” and that policies are to be construed in favor of the insured and in favor of providing coverage. Steadele, ¶¶ 18-19; see also § 28-1-408, MCA, providing that a condition that results in a forfeiture is to be strictly interpreted against the party for whose benefit it was created. This Court also noted that the purpose of the notification requirement was to provide the insurer with the opportunity to “defend its interests and to prevent or mitigate adverse judgments.” We cited older cases that held that notification is a condition precedent to coverage and that failure of notification will result in a bar to recovery from the insurer. Steadele, ¶¶ 21-22. Ultimately we determined that because Colony did not receive notice until after a judgment was entered against its insured, the failure to give notice was not de minimis, and Colony was “prejudiced in that it was deprived of the ability to investigate, to locate witnesses, to appoint counsel, to engage in discovery, to negotiate a settlement and to develop a trial strategy.” Steadele, ¶¶ 28-29.
¶12 Steadele should not be read to renounce the notice-prejudice rule. While the opinion did not expressly reference the rule, this Court upheld summary judgment for the insurer based in part upon our conclusion that the insurer had been prejudiced by the failure of notice and therefore was not required to provide coverage. We pointed to this *337 conclusion of Steadele in Newman v. Scottsdale Ins. Co., 2013 MT 125, ¶¶ 65-66, 370 Mont. 133, 301 P.3d 348. However, Newman held that an insurer waives the ability to rely upon a lack of notice required by the policy by relying upon other reasons for denying coverage. Newman, 168.
¶13 A majority of the states have adopted the notice-prejudice rule in insurance coverage disputes, requiring that the insurer demonstrate that it was materially prejudiced by not having received prompt notice or notice as soon as practicable of an event that could trigger coverage. See Prince George’s County v. Local Govt. Ins. Trust, 879 A2d 81, 94, n. 9 (Ct. App. Md.), listing the thirty eight states and two territories that have adopted the rule as a matter of common law. Also as noted, this Court has adopted the notice-prejudice rule in several insurance dispute contexts, most recently in Estate of Gleason v. Central United Life Ins. Co, 2015 MT 140, ¶¶ 37-38, 379 Mont. 219, 350 P.3d 49, in the context of first-party (insured v. the insurer) insurance coverage disputes.
¶14 The public policy of Montana is to narrowly and strictly construe insurance coverage exclusions in order to promote the “fundamental protective purpose” of insurance. Steadele, ¶ 18; Newman, ¶ 35. An insured’s technical or illusory failure to comply with obligations of a policy will not automatically terminate coverage, and an insurer who does not receive timely notice required by the terms of an insurance policy must demonstrate prejudice from that lack of notice in order to avoid the obligation to provide defense and indemnification of the insured. This rule applies whether the claim arises from the insured as in Gleason or from a third party claiming damages as in the present case. The purpose of the notice-prejudice rule is to protect the insured or those claiming through the insured from a loss of insurance coverage over a technical violation of the policy when that violation is of no prejudicial consequence to the insurer. Nothing in Steadele should be construed to provide for any contrary rule. At the same time, a policy may include notice requirements, and an insured who fails to provide required notice to the insurer does so at his or her peril. If the insurer is able to show prejudice arising from the lack of notice, the insured may not be covered by the policy, as in Steadele.
¶15 Most of Atlantic’s arguments were directed to the merits of a prejudice inquiry, which is outside the scope of the certified question and which we decline to address.
¶16 The Court of Appeals certified the question:
Whether, in a case involving a claim of damages by a third parly, *338 an insurer who does not receive timely notice according to the terms of an insurance policy must demonstrate prejudice from the lack of notice to avoid defense and indemnification of the insured.
Our answer is: Yes, an insurer who does not receive timely notice according to the terms of an insurance policy must demonstrate prejudice from the lack of notice to avoid defense and indemnification of tiie insured.
JUSTICES SHEA, WHEAT, BAKER and COTTER concur.

 It is clear from the policy language that it does not impose a specific time within which the insured must provide notice to the insurer.