

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> GTL, INC., <br><br> Defendant, <br><br> And <br><br> JOHN P. GREYTAK; TANGLEWOOD INVESTORS LIMITED PARTNERSHIP, <br><br> Defendants - Appellants. | No. 13-35133 <br><br> D.C. No. 9:12-cv-00014-DWM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted June 4, 2014
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: McKEOWN and WATFORD, Circuit Judges and ROTHSTEIN,** Senior District Judge.

# I

# INTRODUCTION

In this diversity action, Defendants-Appellants John P. Greytak and Tanglewood Investors Limited Partnership (collectively, "Greytak") appeal from the final judgment entered following the granting of Plaintiff-Appellee Atlantic Casualty Insurance Company's ("Atlantic") motion for summary judgment.

# II

# DISCUSSION

Because this case presented a controlling question of first impression concerning Montana law, on June 25, 2014, we certified the following question to the Montana Supreme Court pursuant to Rule 15(3) of the Montana Rules of Appellate Procedure:

Whether, in a case involving a claim of damages by a third party, an insurer who does not receive timely notice according to the terms of an insurance policy must demonstrate prejudice from the lack of notice to avoid defense and indemnification of the insured.

The Montana Supreme Court accepted jurisdiction of the certified question and has rendered its decision. *Atlantic Cas. Ins. Co. v. Greytak*, No. OP 14-0412, 2015 WL 3444507 (Mont. May 29, 2015). The Court held that "an insurer who does not receive

---

** The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

timely notice according to the terms of an insurance policy must demonstrate prejudice from the lack of notice to avoid defense and indemnification of the insured." *Id.* at *4.

Because the District Court determined that Atlantic was not required to establish prejudice from lack of timely notice, it made no finding of fact as to prejudice.[1] We are therefore unable to determine, based on the record before us, whether Atlantic demonstrated prejudice from Greytak's untimely notice.

Accordingly, we vacate the District Court's grant of summary judgment in favor of Atlantic and remand for the District Court to determine whether Atlantic has established that it suffered prejudice as a result of Greytak's lack of timely notice.

**VACATED AND REMANDED**. Each party shall bear its own costs on appeal.

---

[1] "[Defendants] argue Atlantic Casualty must show it suffered prejudice as a result of the deficient notice . . . . [R]ecent and pertinent binding authority is contrary to the argument and authority of Defendants' prejudice claims, which are without merit." *Atlantic Cas. Ins. Co. v. GTL, Inc.*, 915 F. Supp. 2d 1169, 1176 (D. Mont. 2013).