**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> BIG SKY DIAGNOSTIC IMAGING, INC., <br><br> Defendant-Appellant. | No. 20-35264 <br><br> D.C. No.1:17-cv-00054-SPW-TJC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted April 16, 2021[**]
Seattle, Washington

Before: GRABER and CALLAHAN, Circuit Judges, and SELNA, Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. 34(a)(2).

[***]      The Honorable James V. Selna, Senior District Judge for the Central District of California, sitting by designation.

1

Big Sky Diagnostic Imaging, Inc. ("BSDI") appeals the summary judgment entered in favor of Capitol Specialty Insurance Corporation ("CSIC"). We have jurisdiction under 28 U.S.C. § 1291, review de novo, *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001), and affirm.

1. The district court did not err because no coverage exists for BSDI's claims under either the 2015 or 2016 Policies. We need not consider whether coverage existed under the 2014 Policy.

As to the 2015 Policy, first, BSDI received notice of the Harbys' claim during the 2015 Policy year. Because filing a Montana Medical Legal Panel ("MMLP") Application is a prerequisite to filing suit, Mont. Code Ann. § 27-6-701, the Application put BSDI on notice of the Harbys' claim. Moreover, BSDI was originally listed on the MMLP Application as a party against whom a claim was being made and was changed to a necessary and proper party only in the revised Application with no other substantive changes. Second, BSDI did not notify CSIC of the claim until after the end of the Policy year, despite the Policy's requirement that "'Claims' must be first made against the Insured and reported to [] [CSIC] during the Policy Period." Third, the notice-prejudice rule does not save BSDI from its failure to notify CSIC. The notice-prejudice rule does not apply where, as here, a party has a claims-made insurance policy. *ALPS Prop. & Cas.*

2

*Ins. Co. v. Keller, Reynolds, Drake, Johnson & Gillespie, P.C.*, 403 Mont. 307, 317 (2021); *Estate of Gleason v. Cent. Unified Life Ins. Co.*, 350 P.3d 349, 354 (Mont. 2015). Similarly, Montana's anti-forfeiture statute and principle of non-material breach are inapplicable as the Montana Supreme Court has not independently applied them to insurance policy coverage cases. *Estate of Gleason*, 350 P.3d at 355.

No coverage exists under the 2016 Policy either. The prior-knowledge exception precludes coverage, and BSDI forfeited its remaining argument concerning continuous and uninterrupted coverage by failing to raise it in the district court. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) (arguments not raised before the district court generally are forfeited). Contrary to BSDI's argument, no exceptions to that rule apply here. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985) (stating exceptions to forfeiture rule). The prior-knowledge exception applies because BSDI "knew, had been told, [or] should have known" of a claim against it at the time it contracted with CSIC for an insurance policy. Under the subjective-objective test affirmed in *ALPS*, BSDI had reason to know of the claim against it given the MMLP Application. This is so despite Dr. Cole's representation that BSDI was not "aware of any actual or alleged fact, circumstance, situation, error or omission, which can reasonably be

3

expected to result in a Claim, suit or proceeding being made against" BSDI. For the same reasons, BSDI's failure to disclose the Harbys' allegations in its 2016 Policy application also precludes coverage. *See* DCDE No. 22-7 at 4 (noting that the "policy for which Applicant is applying . . . will not insure for any Claims that can reasonably be expected to arise from any actual or alleged fact . . . known to any Applicant before the Inception Date of the policy.").

2. Certification of the question whether the notice-prejudice rule applies to claims-made policies is unnecessary. Certification to a state supreme court is not obligatory. *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974). Accordingly, "[w]e invoke the certification process only after careful consideration and do not do so lightly." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003). Here, certification is unnecessary in light of the Montana Supreme Court's decision in *ALPS*. 403 Mont. at 311. To the extent that the *ALPS* decision left certain questions unanswered, there is no reason to presume that the district court's opinion about how the Montana Supreme Court would act was in error. *See Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir.1986), *modified at* 810 F.2d 1517 (9th Cir.1987) ("Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it."). It is unlikely that the Montana Supreme Court would have decided

4

differently.  *See, e.g.*, *Estate of Gleason*, 350 P.3d 349; *see also Atl. Cas. Ins. Co. v. Greytak*, 350 P.3d 63, 70 (Mont. 2015) (McKinnon, concurring).

**AFFIRMED.**