This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PETER BREEN,**

    Plaintiff-Appellant,

v.                         **NO. 29,849**

**STATE OF NEW MEXICO TAXATION
AND REVENUE DEPARTMENT,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
James A. Hall, District Judge**

Peter Breen
Santa Fe, NM

Pro Se Appellant

Law Office of Michael Dickman
Michael Dickman
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Plaintiff appeals pro se from an order dismissing Defendants' counterclaim and allowing Defendants to seek post-trial sanctions. We proposed to dismiss for lack of a sufficiently final order, and Plaintiff has filed a timely memorandum in opposition. Remaining unpersuaded by Plaintiff's memorandum, we dismiss the appeal for lack of a sufficiently final order.

As discussed more fully in our previous notice, the right to appeal is usually restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). "For purposes of appeal, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *B.L. Goldberg & Assocs. Inc. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985). Whether an order is final, such that appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844.

In our notice of proposed summary disposition we proposed to dismiss Plaintiff's appeal because the order which is the subject of the appeal only dismisses Defendants' counterclaim while all of Plaintiff's claims against Defendants are still pending. [RP 246] We also noted that there were ongoing discovery issues pending

2

possible trial on the merits. [*See generally* RP 260-283] Finally, we observed that the order being appealed allows Defendants to file a motion for sanctions after trial but makes no findings whatsoever as to whether Defendants will be entitled to any sanctions at that time. [RP 246]

In our notice, we also proposed to reject Plaintiff's assertion that the matter is appropriate for interlocutory review pursuant to Subsection C of New Mexico's "Anti SLAPP" ("Strategic Lawsuit Against Public Participation") statute found at NMSA 1978, § 38-2-9.1 (2001). *See* § 38-2-9.1(C) (allowing expedited appeal from "a trial court order on the special motions described in Subsection B of this section or from a trial court's failure to rule on the motion on an expedited basis"). We proposed to reject Plaintiff's assertion because to whatever extent Defendants' counterclaim could be considered a SLAPP suit as addressed in Section 38-2-9.1(A), Plaintiff received the relief requested because the counterclaim was dismissed. [DS 4] *See* § 38-2-9.1 (A) (stating that actions seeking money damages "against a person for conduct or speech undertaken or made in connection with a public hearing or public meeting in a quasi-judicial proceeding before a tribunal or decision-making body of any political subdivision of the state" are subject to special motions to dismiss, for judgment on the pleadings, and motions for summary judgment and "shall be considered by the court on a priority or expedited basis").

In his memorandum in opposition, Plaintiff contends that he is entitled to interlocutory appeal because the district court's order failed to dismiss Defendants' SLAPP suit but merely converted it to a motion for sanctions. [MIO 8-9] He argues that Defendants' counterclaim against him for statements made in the administrative claims with the Federal Equal Employment Opportunity Commission ("EEOC ") and the New Mexico Human Rights Division ("HRD") squarely fall in the ambit of the Anti-SLAPP statute. [MIO 6] He then strenuously argues that the policy behind the Anti-SLAPP statute requires that interlocutory review be available as a matter of right to a SLAPP suit defendant such as himself. [MIO 4-8] We are unpersuaded because Defendants' counterclaim did not seek to recover against Plaintiff for Plaintiff's actions before the HRD or in any other "quasi-judicial proceeding." Section 38-2-9.1(A).

Section 38-2-9.1(A) is directed at lawsuits filed "against a person for conduct or speech undertaken or made in connection with a public hearing or public meeting in a quasi-judicial proceeding before a tribunal or decision-making body of any political subdivision of the state." Moreover, "public meeting in a quasi-judicial proceeding" is defined as including "any meeting established and held by a state or local governmental entity, including without limitations, meetings or presentations before state, city, town or village councils, planning commissions, review boards or

4

commissions."  Section 38-2-9.1(D).

Contrary to Plaintiff's contentions, Defendants did not sue him "for the cost of defending an administrative complaint made to the [HRD] and the [EEOC]." [MIO 1] Review of Defendant's counterclaim establishes that Defendants never sought to recover their costs or attorney fees incurred in appearing before the HRD or any other "quasi-judicial proceeding before a tribunal . . . of any political subdivision." Section 38-2-9.(A). [RP 73-78] Instead, they only sought to recover costs incurred in defending the allegedly frivolous lawsuit filed by Plaintiff in district court. [RP 77 ¶ 17]

As Defendants' allegations do not fall within the parameters of Section 38-2-9.1 (A), we are not convinced that Plaintiff has a right to interlocutory review of the district court's order dismissing the counterclaim yet allowing Defendants to move for sanctions after trial.

Finally, in light of our determination that Defendants' counterclaim never fell within the provisions of Section 38-2-9.1(A), we decline to consider Plaintiff's citations to out-of-state authority to support his contention that he was entitled to either outright dismissal of Defendants' counterclaim or judgment with prejudice instead of reformation of the counterclaim into a request for sanctions. [MIO 9-13]

Therefore, for the reasons discussed more fully in our notice of proposed summary disposition, we dismiss Plaintiff's appeal because it is not sufficiently final

and it is not appropriate for interlocutory review because Defendants' counterclaim does not implicate the provisions of Section 38-2-9.1. Based upon lack of finality, we also decline to consider the merits of Plaintiff's contention that the district court's order is infirm because Defendants' attorneys lack authority to prosecute the counterclaim or to defend the lawsuit. [MIO 13-14; DS 9; RP 246]

**Conclusion**

For the reasons set forth herein and in our previous notice, we dismiss the appeal for lack of a sufficiently final order.

**IT IS SO ORDERED.**

**IT IS SO ORDERED.**

 

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**ROBERT E. ROBLES, Judge**